ORMOND v. THE CENTRAL IOWA R. CO.

1. **Railroads:** DAMAGES: CONTRIBUTORY NEGLIGENCE: EVIDENCE. In an action against a railroad company to recover the value of certain stacks of oats, destroyed by fire set out by its engine, evidence of the custom of the neighborhood, not to plow around the stacks, is not competent for the purpose of showing a want of contributory negligence. Whether it is necessary for the plaintiff in such cases to show that he did not, by a failure to exercise ordinary care, contribute to the injury, *quære*.

2. ———: ———: EVIDENCE: OWNERSHIP. In such case evidence, that the plaintiff raised the oats on rented land on the shares, was admissible to show the ownership of the grain destroyed. The plaintiff should not recover the value of all the grain if he did not own it all.

*Appeal from Franklin Circuit Court.*

TUESDAY, JUNE 13.

THIS is an action to recover the value of certain stacks of oats, alleged to have been destroyed by a fire occasioned by sparks emitted from an engine operated by the defendant. There was a jury trial resulting in a verdict and judgment for plaintiff for $165.00. The defendant appeals.

*H. E. J. Boardman* and *Anthony C. Daly*, for appellant.

*Dow & Gelzer*, for appellee.

DAY, J.—I. The case was tried in the court below on the theory that it was essential to the plaintiff's right of recovery,

1. RAILROADS: damages: contributory negligence: evidence.

that he should prove that his own want of ordinary care did not contribute to his injury. The injury of which the plaintiff complains occurred on the 27th of September. The evidence shows that the plaintiff stacked his oats about twenty rods from the defendant's right of way, in a stubble field, the stubble communicating uninterruptedly from the defendant's right of way to

the plaintiff's stacks, and that he did not take precaution to protect his stacks by plowing or burning the stubble around them. The plaintiff, against the objection of the defendant, was permitted to testify as follows: " I am acquainted with the custom of farmers adjoining the railroad there. They don't take any precautions to prevent fire from coming to them from the railroad. They do not plow around their stacks, nor between right of way and their stacks." · The admission of this evidence is assigned as error. It is evident that this evidence was introduced for the purpose of showing that the plaintiff was not negligent, because he used the same precautions as others in the vicinity of the railroad. It is clear to us that this evidence of custom is not competent. See *Hamilton v. Des Moines Valley Railway Company*, 36 Iowa, 31. It is apparent, however, that if it was not incumbent upon the plaintiff, under section 1289 of the Code, to prove his freedom from negligence, the admission of this evidence was mere error without prejudice. This question has several times been before us, but never in a form rendering it necessary to determine it. See *Small v. C., R. I. & P. R. Co.*, 55 Iowa, 582; *Lewis v. C., M. & St. P. R. Co.*, 57 Iowa, 127. Inasmuch as the case was tried in the court below, and has been argued here upon the theory that the plaintiff must show that he did not, by a failure to exercise ordinary care, contribute to the injury, and as the judgment must be reversed upon other ground, we do not deem it proper now to enter upon a consideration of this question. It is sufficient now to say that the case of *Kersee v. C. & N. W. R. Co.*, 30 Iowa, 78, arose under the law as it stood prior to the enactment of the last clause of section 1289 of the Code.

II. The evidence shows that the plaintiff raised the oats on rented land, and that he paid no cash rent. The defend-

2. —: —: evidence: ownership. ant inquired of the plaintiff whether he was to give a share of this grain for the rent of the farm. Upon the plaintiff's objection the question was excluded.

This ruling is assigned as error. We think the question should have been allowed. The plaintiff should not recover the value of all the grain if he did not own it all.

REVERSED.