SLOSSEN v. B., C. R. & N. R. Co.

1. **Railroads:** SETTING OUT FIRES: NEGLIGENCE: EVIDENCE. In an action for damages by fire set out by defendant's engine, the fact that the same engine had set out several successive fires on the same day, and on the same trip, was evidence tending to show that the engine was not properly constructed, or that the same was not properly used, or that it was not in repair.

2. ———: ———: EVIDENCE: INSTRUCTION. In such action, an instruction to the effect that if defendant has proved that the locomotive was in good condition, and this testimony is not contradicted by any *witness*, the jury must find for the defendant, *held* erroneous, because such testimony might be overcome by *facts* established on the trial, such as the repeated setting out of fires by the same locomotive on the same day, and there was testimony in this case tending to establish such fact.

3. ——: ——: CONTRIBUTORY NEGLIGENCE: EVIDENCE: INSTRUCTION. In such action, where the property burned was stacks of grain, testimony that ordinary and prudent farmers, who had stacks in their fields adjoining the railroad, had not up to the time of the fire plowed around them, *held* not competent to show the want of contributory negligence on the part of the plaintiff; and an instruction based on such testimony *held* erroneous.

4. ——: ——: LIABILITY OF OPERATING COMPANY. Where the defendant company set out the fire, it cannot escape liability therefor by showing that the fire originated on the right-of-way, by reason of combustible matter thereon, and that the railroad and right-of-way belonged to another corporation, and that defendant simply had the right by contract to run trains over the road. Such testimony was properly excluded. Code, § § 1289, 1300.

5. ——: ——: CONTRIBUTORY NEGLIGENCE: EFFECT OF. Whether, in such action, the right to recover is, under the statute, affected by plaintiff's contributory negligence, *quære*.

6. ——: ——: ——: QUESTION FOR JURY. Whether, in such action, the failure of plaintiff to protect his stacks by plowing around them, was contributory negligence, was largely a question for the jury.

*Appeal from Floyd Circuit Court.*

MONDAY, DECEMBER 11.

ACTION to recover damages sustained by the burning of certain stacks of wheat and other property by fire, set out as the plaintiff claims, by an engine belonging to defendant. Trial by jury, judgment for the plaintiff, and defendant appeals.

*J. & S. K. Tracy* and *Starr & Harrison*, for appellant.

*Pickering & Hartley*, for appellee.

SEEVERS, CH. J.—A rehearing having been granted on the petition of the defendant, we will proceed to a consideration, as far as deemed necessary, of the matters to which our attention has been called by counsel.

I. There was evidence tending to show that the engine was properly constructed, and equipped with all known appliances to prevent the escape of fire, and was in good repair. The evidence also tended to show that the engine on the same trip, and, as we under-

1. RAILROADS: setting out fires: negligence: evidence.

stand, while running from ten to twenty miles, set out four or five fires in addition to the one on plaintiff's premises. One witness testified that, on one of these occasions, there escaped from the engine a coal of fire as large as his thumb. The court at the request of the plaintiff instructed the jury as follows:

"9. If from the evidence the jury find that defendant's engine set out the fire alleged, and also that the same engine set out several successive fires on the same trip, and in the same day, then the fact of the repeated setting out of such fires will be evidence tending to show that the defendant's engine was not properly constructed as to its appliances for prevention of escape of fire, or that the same was not properly used at the time, or that it was not in repair, and as such must be considered by you in making up your verdict, and in determining as to whether or not this fire occurred through the fault or negligence of defendant or its employes."

(Modified by adding): "*Provided* that it further appears that engines generally and ordinarily do not set out fires in this manner."

It is urged that this instruction is erroneous because: "*First*—The uncontradicted evidence of R. W. Bushnell, defendant's master mechanic, a competent expert on this subject, testified that there is no method or appliance known to prevent the escape of sparks from locomotives. *Second*— That this locomotive was at the time in perfect condition and order in every particular, and, *Third*—There was not a word of evidence upon the trial to show that locomotives in good order do not ordinarily set out fire, and hence the instruction was without evidence to support it."

The instruction, in our opinion, should have been given as asked. Conceding that the evidence tended to show what is claimed, still it was competent for the plaintiff to introduce evidence contradictory thereto. It was not essential that this evidence should be the testimony of persons who had examined the engine and gave evidence tending to show it was

properly constructed and in proper repair. While it may be
that there is no appliance known which will prevent the
escape of fire, still we think, where it is shown that an engine
sets out five or more fires while running ten to twenty miles,
under ordinary circumstances, this would tend to show that
it was not properly constructed, or was out of repair. We
are unwilling to believe that engines ordinarily set out fires
as the evidence tended to show. Besides this, the defendant's
witnesses testified, that if a coal of fire as large as the end of
a man's thumb escaped from the engine, it was not prop-
erly constructed, or was out of repair. The instruction should
have been given without the modification, because there was
no evidence upon which the modification could be based. The
instruction, as modified, casts the burden on the plaintiff to
show that engines "ordinarily do not set out fires in this
manner." In this respect the modification is erroneous, but
the defendant cannot complain of the error, because, we think,
the burden to show what engines ordinarily did under similar
circumstances was on the defendant. As a whole, the instruc-
tion is erroneous, but it is doubtful if the defendant can justly
complain thereof or was prejudiced thereby.

II. An instruction asked by the defendant was given with
2. ——: ——; a modification, and complaint is made of the lat-
evidence: in-
struction. ter. The instruction given is as follows:

"7. If defendant has proved to you that the locomotive,
which it is claimed set out this fire, was equipped with the
latest and most improved means then known to arrest the
escape of fire and sparks, and that such locomotive was in
good order and operated by competent men, and this evidence
is not contradicted by any witness, and that, notwithstanding
this, the sparks escaped, and owing to the dryness of the sea-
son fire was communicated to the stacks and they were burnt,
then, under the law, it is your duty to return a verdict into the
court for the defendant."

(Modified by adding): "*Provided* that the defendant's wit-
nesses are not contradicted by other evidence and circumstan-

ces in the case; and you believe plaintiff's witnesses truthful; *and provided further*, the defendant was not guilty of negligence in other respects, which caused the injury."

The instruction as asked does not state the law correctly, and therefore should have been refused. The rule of the instruction as asked is, if the defendant has proved the locomotive was in good condition, and "*this evidence is not contradicted by any witness*," the jury must find for the defendant. The jury would necessarily understand from the italicized words that, if the plaintiff had not introduced any witness who testified that the engine was not properly constructed, or was not in good repair, then there was no evidence contradictory to that introduced by the defendant, which should be considered by them. But, as has been said, the repeated setting out of fires is evidence tending to show that the engine was not in proper condition, and it was for the jury to say whether the defendant, by a preponderance of the evidence, had shown that the engine was in good order and condition. Instead of refusing the instruction, the court gave it with the modification, and it is of the latter that the defendant complains. The serious objection made is to that portion which makes the instruction depend on whether the jury believed that "plaintiff's witnesses were truthful." There is nothing in the record which warrants this remark. Of course it was for the jury to say whether the proposition stated in the instruction had been established by the evidence, and the court could well have so said to them. But we seriously doubt whether the court should have said to the jury that the proposition embraced in the instruction depended on the truthfulness of defendant's witnesses.

III. The case was tried in the Circuit Court on the theory that if the plaintiff was guilty of contributory negligence he 3. —— : ——: could not recover, and on such theory the case contributory negligence: must be determined in this court. The evidence evidence: instruction. tended to show that the plaintiff had not taken any precautions to protect his stacks from fire by plowing

around the same.   The plaintiff asked more than one witness to state "whether or not ordinary and prudent men and farmers, who had stacks in their fields adjoining the railroad, had at that time plowed around their stacks;" to which the witnesses replied "they had not."   The defendant insists that this evidence was objected to, and that the objection was overruled and an exception taken.   The plaintiff claims that no exception was in fact taken.   We have examined the two abstracts with great care, and conclude therefrom that we must hold that an exception was duly taken as stated in the defendant's abstract, because there is no express denial thereof in the plaintiff's abstract.   As applicable to the foregoing evidence, the following instruction at the instance of the plaintiff was given:

"10.   If from the evidence the jury find that the plaintiff stacked his wheat in the field where it was grown, which field was adjacent to the railroad, and at the time of the alleged fire he had not plowed around the same, such acts would not constitute negligence on the part of plaintiff, unless they were such acts as an ordinary, prudent and cautious man would not have done in like manner, under smiliar surrounding circumstances."

When this case was before us at a former term, we were under the impression that the admission of the evidence aforesaid had not been assigned as error.   In this assumption we were mistaken, as the sixth assignment sufficiently assigns as error the admission of said evidence, and the giving of the instruction aforesaid.   The court erred in the admission of the evidence and, under the circumstances, in giving the instruction above set out.   *Ormond v. Central Iowa R'y Co.*, 58 Iowa, 742.

IV.   The defendant offered to show that the Central Railway of Iowa owned the road and right of way, and that defendant simply had the right by contract with that company to run trains over the road.   The evidence was rejected.   Of this the defendant

4. ——: ——:
liability of
operating
company.

complains. It is said, if the fire originated on the right of way by reason of combustible matter thereon, then the Central Company should be held, and the defendant is not liable. Two companies were operating the road, one of whom owned the right of way and permitted combustible material to accumulate thereon, and it will be conceded that the fire originated on the right of way and would not have done so but for such combustible matter.

The fire was set out by the defendant, and it was operating the road, and is therefore liable under § § 1289 and 1300 of the Code. It is immaterial, under the statute, who owned the right of way.

V. In view of a re-trial, we deem it proper to say "that the question, whether the plaintiff cannot recover because he failed to plow around his stacks, depends upon

5. —— : ——:
contributory
negligence:
effect of.

two propositions. The first is whether, under the statute, the right to recover is in any manner affected by reason of the plaintiff's contributory negligence. This must remain an open question, because it was not made in the court below, and the case was in fact tried on the opposite theory. The second proposition is whether the failure to plow is negligence. This is largely a question for the

6. —— : ——:
—— : question for jury.

jury. It is difficult to say that a failure to plow, under all circumstances, as a matter of law, is negligence. A prudent and careful person would not, we apprehend, under ordinary circumstances, plow around the spot upon which he intended to stack his grain before actually stacking it; nor would such a person ordinarily plow around his stacks the moment he finishes stacking. A reasonable time should be allowed, conceding that the failure to plow is negligence. There are other circumstances which should be taken into consideration, such as the season of the year, the exposure, and possibly other circumstances which do not now occur to us.

There was evidence tending to show that the right of way is

one hundred feet wide, and that the plaintiff had sown wheat thereon to within twenty feet of the track. The wheat had been harvested, and the evidence tended to show that the fire caught in the stubble. We understand counsel for appellant to insist that the jury should have been instructed that, if they found the facts to be as above stated, then their verdict should be for the defendant. The plaintiff, without doubt, had the right to sow wheat on his own land up to and along side of the right of way, harvest the same, and leave on the ground the ordinary stubble, and if he so did, he would not be guilty of negligence. *Kesee v. C. & N. W. R. Co.*, 30 Iowa, 78. We think the rule must be the same as to the stubble left on the right of way. The wheat was sown with the knowledge and permission of the owner of the right of way. Such owner had knowledge that the grain was harvested and the ordinary stubble left; the owner knew when the grain was sown that this would be the case. The plaintiff was not a trespasser, or at least, should not be held to be such under the circumstances. Possibly if he was, it would not be material, unless he was negligent. We do not think, under the circumstances, it can be said as a matter of law, that the plaintiff was negligent. We do not deem it necessary to refer to other minor points made by counsel. For the error considered in the third paragraph of the opinion, the judgment of the Circuit Court will be

REVERSED.