CHARLES R. FRACE, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

In an action to recover damages for the destruction of plaintiff's property by a fire alleged to have been kindled by sparks which escaped from an engine passing on defendant's road, it appeared that what is known as a "straight stack spark arrester" was used upon the engine, and the evidence was uncontradicted that this kind of spark arrester was in general use on many of the large railroads and on some was almost exclusively employed, and that it in fact arrested sparks as well as any kind that was known. The question was submitted by the trial court to the jury as to defendant's negligence in the adoption of a proper system or kind of spark arresters. *Held,* error.

*Cornish* v. *F. B. F. Ins. Co.* (74 N. Y. 295), distinguished.

*It seems,* the court may take judicial notice that the "diamond stack" and the "straight stack spark arresters" are in very general use upon the railroads of the country, and are both well-known systems for arresting sparks.

The property destroyed was a barn and an hotel about forty feet distant therefrom. The barn first caught fire. The court charged that to justify a verdict including the value of the hotel the jury must find "that the same was destroyed by reason of the fire being communicated thereto directly from the engine, or without the assistance of other agencies. *Held,* no error.

*It seems,* the doctrine of the case of *Ryan* v. *N. Y. C. R. R. Co.* (35 N. Y. 210) not to be extended beyond the precise facts appearing therein.

(Argued June 12, 1894; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 28, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for the destruction of plaintiff's property by a fire caused by sparks or coals alleged to have been negligently thrown from a passing engine of defendant.

The property destroyed was a barn and hotel. The buildings were about forty feet apart. The barn first caught fire and thereafter the hotel.

The court charged, among other things, as follows:

"In order to justify you in finding a verdict for the plaintiff for the value of the buildings, it is incumbent upon you to find from the evidence in the case that the destruction of the barn was the direct and natural cause of the fire being emitted from the engine, and if you find that the fire was emitted from the engine immediately to the house, under the circumstances to which I have called your attention, the plaintiff would be entitled to recover. To justify a verdict covering or including the value of the hotel, you must find that the same was destroyed by reason of the fire being communicated thereto directly from the engine, or without the assistance of other agencies and arising from other causes. This is a question for you to determine from the evidence."

The further material facts are stated in the opinion.

*James H. Stevens* for appellant. The defendant was not guilty of negligence in causing the burning of the hotel barn. (*Odell* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 323; *O'Neill* v. *R. R. Co.*, 115 id. 583; Code Civ. Pro. § 999; *Teinkauf* v. *Lombard*, 137 N. Y. 417; *Searls* v. *M. R. Co.*, 101 id. 661.) If the defendant is considered liable for the burning of the barn, yet there is no liability for the burning of the hotel, which by the undisputed evidence took fire from the burning barn, and that, too, as we contend, after a change

of the wind, which was blowing a furious gale. Such damages are too remote. (*Read* v. *Nichols,* 118 N. Y. 224; *Reiper* v. *Nichols,* 31 Hun, 491.) It is respectfully submitted that if there can be a case of contributory negligence in a fire case, this is one. (*In re U., etc., R. R. Co.,* 56 Barb. 456.) As it cannot be known which kind of cinders or sparks set the fire, if at all, there is a failure of proof and the motion for a non-suit should have been granted for a failure to prove a cause of action. (*Grant Case,* 133 N. Y. 659; *Safford Case,* 74 Hun, 306, 307.) The objections should have been sustained to the questions put to Elmer A. Chase by plaintiff. (*Ferguson* v. *Hubbell,* 97 N. Y. 507.)

*Clarence A. Farnum* for respondent. The evidence given upon the trial raised a question of fact and warranted a recovery by the plaintiff. (*Sheldon* v. *H. R. R. R. Co.,* 14 N. Y. 218; *Westfield* v. *E. R. Co.,* 5 Hun, 75; *Corse* v. *N. C. R. R. Co.,* 59 Barb. 644; *Field* v. *N. Y. C. R. R. Co.,* 32 N. Y. 339; *Crist* v. *E. R. Co.,* 58 id. 638; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.,* 95 id. 562; *Genung* v. *N. Y. & N. E. R. R. Co.,* 21 N. Y. Supp. 97; *O'Neill* v. *N. Y., O. & W. R. R. Co.,* 115 N. Y. 579; *Collins* v. *N. Y. C. & H. R. R. R. Co.,* 11 N. Y. Supp. 308; 33 N. Y. S. R. 569; 132 N. Y. 603; *M. P. R. Co.* v. *T. & P. R. Co.,* 41 Fed. Rep. 917; *Burke* v. *M. R. Co.,* 13 Daly, 75; *Billings* v. *F. R. R. Co.,* 11 N. Y. Supp. 837; 58 Hun, 605; 128 N. Y. 644.) The plaintiff is entitled to recover for the burning of the hotel and the personal property therein as well as for the barn, such burning being the proximate and natural result of the burning of the barn. (*Webb* v. *R., W. & O. R. R. Co.,* 49 N. Y. 420; *Pollett* v. *Long,* 56 id. 200; *Ehrgott* v. *Mayor, etc.,* 96 id. 264; *Pielke* v. *C., M. & S. P. R. Co.,* 5 Dak. 444; *Vallo* v. *U. S. E. Co.,* 147 Penn. St. 404; *Van Fleet* v. *N. Y. C. R. R. Co.,* 7 N. Y. Supp. 636; *Adams* v. *Young,* 14 Ohio St. 80; *Butcher* v. *V. V. R. Co.,* 67 Cal. 518; *Cohen* v. *Mayor,* 113 N. Y. 532; *Gibney* v. *State,* 137 id. 5, 6; *Hill* v. *Winsor,* 118 Mass. 251; *Eton* v. *Lyster,* 60 N. Y. 252; *Lowery* v. *M. R.*

*Co.*, 99 id. 158; *C. & A. R. R. Co.* v. *Pennell*, 110 Ill. 435; *M. & S. P. R. Co.* v. *Kellogg*, 94 U. S. 469.) The exception of the defendant to the question put to and its answer of the witness Daniel Frace, that about three weeks prior to this fire he saw sparks and cinders come from the smoke stack of defendant's engine, is unavailing, for it appears it was the same engine No. 579 which set this fire complained of, and that it threw cinders as large as a hickory nut and set fire to the hotel three weeks before. It is competent to show other fires. (*Collins* v. *N. Y. C. & H. R. R. R. Co.*, 132 N. Y. 603; *Field* v. *N. Y. C. R. R. Co.*, 32 id. 339; *Westfield* v. *E. R. Co.*, 5 Hun, 75; *G. T. R. Co.* v. *Richardson*, 91 U. S. 454; *Webb* v. *R., W. & O. R. R. Co.*, 49 N. Y. 420; *C., S. P., M. & O. R. Co.* v. *Gilbert*, 52 Fed. Rep. 711.) The exceptions which related to the exclusion of the evidence denying the defendant the right of showing that the plaintiff had received from insurance companies the value of his buildings and their contents are unavailing. (*M. S. Bank* v. *Pierce*, 137 N. Y. 444; *Collins* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 503; 71 N. Y. 609; *Merrick* v. *Brainard*, 38 Barb. 574; 34 N. Y. 208; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 id. 26; *Weber* v. *M. & E. R. Co.*, 35 N. J. Law, 409; *Carpenter* v. *E. T. Co.*, 67 Barb. 570; *Yates* v. *Whyte*, 4 Bing. [N. C.] 272; *Clark* v. *Inhabitants*, 2 B. & C. 254; *C. U. A. Co.* v. *Lister*, L. R. [9 Ch. App.] 483; *Bradburn* v. *G. W. R. Co.*, 10 Exch. 1; *Cornish* v. *F. B. F. Ins. Co.*, 74 N. Y. 295.) Even if the jury should have believed that the defendant had adopted the most approved system of spark arresters and the same were in proper and suitable condition, it might very properly have found that running through the village at this dry time, with a very high wind blowing from the track to the wooden building close to it without shutting off the discharge of sparks was negligence itself. (*Fero* v. *B. & S. L. R. R. Co.*, 22 N. Y. 209; *Hocksteader* v. *D. & S. C. R. Co.*, 55 N. W. Rep. 74.) There being a conflict of evidence as to the cause of the fire, the negligence or want of negligence of the defendant, so that the jury would be warranted in finding for

either party, the verdict is conclusive. (*Chaffe* v. *Morss*, 67 Barb. 252; *Perry* v. *Lansing*, 17 Hun, 34; *Hays* v. *Schuyler*, 2 id. 518; *Morss* v. *Sherrell*, 63 Barb. 21; *Kingsland* v. *Hall*, 16 N. Y. Supp. 862; *Townley* v. *F. B. C. Co.*, 59 Hun, 616; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 587.)

PECKHAM, J. Among other questions of fact submitted to the jury, which if found in favor of the plaintiff a verdict for him might be based, was the question whether the system of spark arresters used by defendant was suitable and whether defendant was guilty of any negligence in using that system.

The jury were permitted by the charge of the learned judge to say that the system of spark arresters was not a proper one, and that it was not one of the most approved devices known for the prevention of the escape of sparks or cinders from the engine. The evidence was entirely uncontradicted and tended solely to one result, viz., that the straight stack spark arrester was at least as good as any system that was known. Some of the witnesses said that it was *the* improved spark arrester, as good as any spark arresters that were known to railroad men. It began to come into use about 1880 and was much used for freight trains. There was the straight stack without the extension. There were also some with an extension and there were diamond stack engines, but the latter were, perhaps, not quite so good as others. The straight stack without the extension was the kind of spark arrester that was used on the engine in question. The fact was testified to by witnesses for the defendant who were among its employees, but they were men who were not responsible for the system of spark arresters that was adopted or in general use upon defendant's road, and they were testifying upon a subject well known among all men familiar with railroad engines and the system of spark arresters in existence or adopted by different railroads, and if there had been in fact the least doubt upon the question regarding which they testified, evidence contradicting or explaining their testimony could have been easily adduced.

In the plaintiff's complaint there was an allegation that the

defendant had not equipped or provided the engine with a kind of spark arrester that was reasonably safe and such as was in common use by the railroads of the state and had been for a long time to the knowledge of defendant, and which it was its duty to put upon and provide its locomotives with for the protection of property along the line of its road.

Upon the trial the plaintiff gave no evidence to sustain this particular allegation, and the only evidence in the case came, so far as this issue is concerned, from the defendant, and that was to the effect already stated. The real issue made by the plaintiff, and to which his evidence was directed, was that of negligence in regard to the condition of this particular spark arrester and its being out of repair and its meshes too large, so that sparks of an unnecessarily large size escaped therefrom and in fact set the fire in question.

The engine had just been equipped with this new spark arrester, the change having been made from the diamond stack kind. In the case of *Flinn* v. *Central Hudson Railroad* (142 N. Y. 11) the diamond stack spark arrester was used and the claim was made by the plaintiff in that case that the defendant should be held liable because it had not adopted the straight stack spark arrester, such as was used upon this engine. Here the claim seems to be just the opposite, and the jury was permitted upon the evidence in the case to find that the straight stack system was not a good one and the diamond stack should have been used. Thus, whichever kind may be used by a railroad company, it is open to the plaintiff to claim that it was the other that should have been used, and the question must, therefore, be submitted to the jury.

We think the court can take judicial notice of the fact that diamond stack and straight stack spark arresters are in very general use upon the railroads of the country and that they are both well-known systems for arresting sparks, while no system that has yet been invented can wholly prevent the emission of live sparks from an engine under certain circumstances. In the *Flinn* case we held that the defendant could not be found guilty of negligence in failing to introduce upon

its road the straight stack extension (the kind actually used in the case at bar) within the time then existing since its invention, even assuming that the straight stack was an improvement on the old diamond stack form. Here the jury is permitted to find, in opposition to the whole evidence in the case, that the straight stack extension is not a proper system of spark arrester. We hold it was error to submit to the jury the question of defendant's negligence in the adoption of a proper system or kind of spark arrester.

The case is not within the principle decided in *Cornish* v. *Insurance Co.* (74 N. Y. 295). In that case it was held that the testimony of experts, although uncontradicted, is not conclusive, except in cases where none but experts are capable of determining the question. That was a case depending upon special circumstances, and the jury was called upon to judge whether the general principles governing somewhat similar cases, as testified to by the experts, were applicable to the case before them. It was a question as to what really increased the risk in an insurance against fire, and although a question of fact, insurance men who were engaged in the business of insuring property or procuring policies of insurance thereon, were called as witnesses to state whether the risk was in fact increased by permitting a building under the circumstances to remain unoccupied. Although the experts testified that the risk was thus increased, yet it was, of course, but a matter of judgment or opinion, and upon a question that the jury must itself decide. So, although the expert evidence was admissible upon that issue and was also uncontradicted, it was held by this court not to be conclusive.

The evidence in this case is of a much more comprehensive nature. The question was whether there was any other system better or as well known, and which, indisputably, was more suitable than the one used by defendant for the arresting of sparks. The witnesses testified that this particular system was in general use on many of the large railroads, and on some was almost exclusively employed, and that it, in fact, arrested sparks as well as any kind that was known. The plaintiff gave

no evidence to the contrary, and these facts stood proved by the evidence of seemingly respectable, intelligent and credible witnesses, and the proof was uncontradicted.

We think there is so much difference in the kind of evidence given in the two cases as to render that of *Cornish* (*supra*) inapplicable to the case at bar.

The error necessitates the granting of a new trial for the reason that we cannot possibly say that the jury based their verdict upon some other fact, and not upon a finding that the system of spark arresters was improper and inappropriate. As there must be a new trial, the question of the liability of the defendant for the burning of the hotel will again arise. We think the charge of the learned judge upon this part of the case was as favorable to the defendant as it could properly ask. The question was left as one of fact, under all the circumstances, as to whether the burning of the hotel were not the natural and direct result of the sparks from the engine. In this case the court committed no error to the prejudice of the defendant. The *Ryan Case* (35 N. Y. 210) should not be extended beyond the precise facts which appear therein. Even if correctly applied in that case, the principle ought not to be applied to other facts. (See *Webb* v. *Railroad Co.*, 49 N. Y. 420; *Pollett* v. *Long*, 56 id. 200; *Lowery* v. *Manhattan Railway Co.*, 99 id. 158; *O'Neill* v. *Railroad Co.*, 115 id. 579.)

For the error above stated the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except ANDREWS, Ch. J., not sitting.

Judgment reversed.