WILLIAM MILLER, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER·RAILROAD COMPANY, Appellant.

*Negligence — fires from sparks.*

In an action brought to recover damages resulting from a fire communicated to the lands of the plaintiff by the alleged negligence of the defendant, a railroad company, the evidence tended to show that the fire in some way, not explained, communicated to the plaintiff's lands from an engine or train of the defendant.

The negligence charged in the complaint was that such engine was so improperly constructed as to allow sparks and coals of unusual size to be emitted therefrom, and that fires had resulted therefrom upon two occasions. There was no fire upon the adjacent land of the railroad, and upon the second occasion there was no wind.

The court charged the jury that there was no evidence in the case that the engine was not perfect in all its parts, but left it to them to say whether the defendant was negligent in cleaning the fire pan of the engine at the times in question, and whether or not that negligence caused the fires.

*Held,* that a verdict in favor of the plaintiff could not be sustained.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 20th day of May, 1895, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 5th day of July, 1895, denying the defendant's motion for a new trial made upon the minutes.

*George Doheny,* for the appellant.

*William Kennedy,* for the respondent.

MERWIN, J. :

The plaintiff owned lands adjoining the track of the defendant in the town of Manlius. Upon two occasions, one on or about June 11, 1891, and the other on or about July 24, 1893, his premises were injured by fire. There is evidence tending to show that the fire was in some way communicated to the land from an engine or train of the defendant as it passed along on either occasion. The defendant

claims that no negligence on its part was shown causing the injury. Concededly it was incumbent upon the plaintiff to show such negligence.

The negligence charged in each count of the complaint is that the engine was so improperly constructed that sparks and coals of an unusual and extraordinary size and character were emitted therefrom which communicated fire to the plaintiff's premises and caused the injury complained of.

The court, at the request of the defendant, charged the jury that there was no evidence in the case that the engine was not perfect in all its parts. The court, however, left it to the jury to say whether the defendant was negligent in cleaning its fire pan at the times in question, and whether or not that negligence caused the fires. There was no fire on the railroad land, and upon the second occasion, as the court charged, there was no wind. Upon the first occasion there was a strong wind, and it might be argued that as the fireman, as the plaintiff testifies, poked or raked the fire, it was blown to some extent on the plaintiff's premises. But on the second occasion, there being no wind and no evidence that anything the fireman did was not necessary to the proper running of the train, and no fire being left on the railroad land and the engine being in perfect order, it is difficult to see on what basis negligence can be predicated.

Upon the theory the case was sent to the jury, the verdict must stand, if it stands at all, on the proposition that the fireman was negligent in his management of the fire, thereby throwing in some unexplained way coals from the fire pan to the plaintiff's land. The evidence does not authorize the conclusion that the fire was caused in this way, at least so far as the second and main cause of action is concerned.

It may be, as alleged in the complaint, that sparks emitted from the engine were thrown upon the plaintiff's premises and caused the fire. But if, as we must assume here, the engine was perfect, that would not of itself establish negligence. (*McCaig* v. *Erie Railway Co.,* 8 Hun, 600; *Frier* v. *D. & H. C. Co.,* 86 id. 464.)

We are referred by the plaintiff to cases where it is said that sparks or coals may be thrown of such unusual size as to indicate *prima facie* some defect in the engine. They do not apply here as

this case was sent to the jury on the theory that the engine was perfect.

As the case stands there should, we think, be a new trial.

Hardin, P. J., and Martin, J., concurred..

Judgment and order reversed and a new trial ordered, costs to abide the event.