### STOOKS v. FOOTE.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

NEGLIGENCE—EVIDENCE.

     In order to recover for negligence in setting out a fire thereafter spread through plaintiff's land, the specific negligence must be shown.

Appeal from trial term, Livingston county.

Action by John H. Stooks against John B. Foote to recover damages for the destruction of property by fire alleged to have been negligently set by defendant. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Affirmed.

The complaint alleges that "on or about the 24th day of October, 1895, at the town of Mt. Morris aforesaid, the said defendant, Foote, wrongfully and

negligently set fire to a quantity oi' brush and stumps upon lands near by those of plaintiff herein, and wrongfully and negligently left the same burning in and near a quantity of dead leaves and other combustible material, by reason of which wrongful and negligent act the fire in question spread to and upon the lands and premises of plaintiff, burning and destroying plaintiff's fences, a large quantity of fire wood, and valuable trees and growing timber." The answer contained denials of the complaint, and an averment that, if the defendant set any fires, "he used due care and diligence in and about setting said fires and guarding the same; and that said injury complained of was not caused by any wrongful or negligent act on the part of the defendant."

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

W. I. Van Allen, for appellant.
E. C. Olney, for respondent.

HARDIN, P. J.　I think the plaintiff failed to give evidence sufficient to require the court to submit the question of the defendant's alleged negligence to the jury, and that the nonsuit was properly granted, and the order denying the motion for a new trial on a case and exceptions was proper.　Frier v. Canal Co., 86 Hun, 465, 33 N. Y. Supp. 886; Miller v. Railroad Co., 92 Hun, 282, 36 N. Y. Supp. 719; Brown v. Railroad Co., 4 App. Div. 465, 38 N. Y. Supp. 655. The doctrine laid down in Ryan v. Railroad Co., 35 N. Y. 210, has been limited and qualified.　Webb v. Railroad Co., 49 N. Y. 427; Cornish v. Insurance Co., 74 N. Y. 295; Lowery v. Railway Co., 99 N. Y. 166, 1 N. E. 608; Flinn v. Railroad Co., 142 N. Y. 11, 36 N. E. 1046; Frace v. Railroad Co., 143 N. Y. 182, 38 N. E. 102.　I think the judgment and order should be affirmed with costs.

Judgment and order affirmed, with costs.　All concur.