exact terms of the statute. It is nowhere alleged that the house and lot on Hoffman street were any part of the estate of the deceased, or that they were controlled or affected by the will of the 2d of January, 1897. The plaintiff has not alleged facts sufficient to bring her within any of the provisions of the section authorizing the action to determine the validity of the will admitted to probate. If it be assumed that the second will was made by the testatrix when she was of unsound mind, or that it was the result of fraud practiced upon her, and, therefore, that it was inefficient, still there is no allegation in the complaint that indicates that, as to the estate left by her at the time of her death, the plaintiff had any interest therein. It seems to follow that the plaintiff has failed to allege facts sufficient to constitute a cause of action, within the permission of section 2653a, and that the demurrer ought to be sustained.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of the costs of the demurrer and of this appeal. All concur, except WARD, J., not voting.

---

PECK v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division. Fourth Department. January 18, 1899.)

1. RAILROADS—SETTING FIRES—NEGLIGENCE.

Evidence that plaintiff's building, 20 feet from defendant's railroad track, was set on fire, when it was very dry, by sparks from a locomotive, and that, about a month before, the same locomotive had emitted sparks the size of an ordinary pea, setting fire to grass, is not enough to charge defendant with liability, without further evidence that the locomotive was improperly operated, or had not a proper spark arrester, or had one out of repair.

2. SAME—SPARK ARRESTERS—REPAIR—EVIDENCE.

The jury should not be allowed to draw the inference that the spark arrester of a locomotive was out of repair when it emitted sparks, setting a fire, from the fact that 27 days thereafter it was out of repair.

Action by James P. Peck, as survivor, against the New York Central & Hudson River Railroad Company. Nonsuit was granted at the Ontario trial term, and an exception taken, and an order made that the exceptions be heard in the first instance in the appellate division. Exceptions overruled.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

H. R. Durfee, for the motion.
Albert H. Harris, opposed.

HARDIN, P. J. In May, 1895, Hiram E. Knapp and James P. Peck were co-partners in the business of buying and selling coal and farm produce; owning and occupying in connection therewith a warehouse at Shortsville, on Booth street, on land contiguous to land of the defendant. The warehouse was a story and a half frame building, with shingle roof, standing parallel with the track of the defendant, and about 20 feet distant therefrom; there being at that time a side track which ran alongside the warehouse. On the 2d of May,

1895, the warehouse and the greater part of the contents were consumed by fire. The fire took place between 3 and 4 o'clock in the afternoon, a few minutes after the passage of the west-bound accommodation train of the defendant. The fire was first discovered on the outside of the roof of the building of the plaintiff, on the side nearest to defendant's track, a few feet down from the peak, and was not then more than a foot in diameter. At the same time fire was discovered burning on the bank adjacent to the track of the defendant further south. There had been no fire in the building that day, or for some time before; nor was there anything near the building prior to the fire to occasion the burning of the plaintiff's building, except the defendant's engine. The engine drawing the train on the occasion was known as "No. 1,073." The defendant's branch at Shortsville runs nearly north and south, and there is a heavy ascending grade in the track of the defendant south. There was a strong south or southwest wind blowing at the time, and it was very dry, there not having been any rain for quite a long space of time. The warehouse stood about 50 rods from the Shortsville station, and from that up to the warehouse, and past the same, the grade was heavy, and the engine drawing the train had to labor, and, as an incident to that labor, was likely to throw out some cinders. There was no evidence given that the engineer or the fireman was in any way negligent in the management of the engine on the occasion of the fire. That the fire was occasioned by the engine throwing out sparks was a matter of inference on all the evidence relating to the circumstances of the origin of the fire and the movement of the engine. There was no evidence given as to the kind of spark arrester the engine carried, or that there was any fault in its original construction.

In Frace v. Railroad Co., 143 N. Y. 182, 38 N. E. 102, it was said:

"The court may take judicial notice that the 'diamond-stack' and the 'straight-stack' spark arresters are in very general use upon the railroads of the country, and are both well-known systems for arresting sparks."

The mode of construction of the different kinds of spark arresters is extensively described in the opinion delivered in Flinn v. Railroad Co., 142 N. Y. 11, 36 N. E. 1046.

"The defendant had a right to operate its railroad by means of engines traversing its tracks, and was only required to use reasonable care and prudence in the operation of the same; and it was incumbent upon the plaintiff to establish by evidence that, in its operation of its engines, it had failed to exercise such care and prudence." Frier v. Canal Co., 86 Hun, 464; 33 N. Y. Supp. 886, and the doctrine thereof followed in Miller v. Railroad Co. (Sup.) 36 N. Y. Supp. 719.

In Brown v. Railroad Co., 4 App. Div. 466, 38 N. Y. Supp. 655, it was said in the course of the opinion delivered, viz.:

"It was incumbent upon the plaintiff to point out specifically the negligence or negligent act of the defendant in operating its trains along its track, and that such negligence caused the injuries of which the plaintiff complained. It was not sufficient to produce evidence indicating that sparks emitted from the smokestacks of the defendant's locomotives occasioned the fire, unless the emission of the sparks was unusual in degree or character, or the sparks were of extraordinary size, and such as would not be emitted from perfectly constructed locomotives."

In that case the evidence was not sufficiently definite to identify any particular engine from which sparks escaped; and the grade was ascending, and therefore it was to be expected that some sparks, in the reasonable use of the defendant's engines, would escape. In the case in hand it appears definite and certain that the fire occurred just after the passage of engine No. 1,073, and that when it passed it was laboring and emitting sparks; and the evidence would warrant the jury in finding that the ignition of the plaintiff's buildings was from the sparks of fire emitted from that engine.

It is contended in behalf of the defendant that there was no evidence to indicate that the engine was not equipped with a suitable spark arrester, in proper condition. There is no evidence of the size of the sparks or cinders emitted from the engine 1,073 on the occasion of the occurrence of the fire to the plaintiff's building. The plaintiff did give evidence that on the 23d of March the same engine, in passing over the road, emitted sparks or cinders causing a fire to some grass in the town of Manchester, and the witness who speaks of the size of the sparks thrown out on that occasion says they were about the size of an ordinary pea. There is no proof in the case that on that occasion the engine was out of repair, or that the fire ensued by reason of any fault on the part of the defendant. It was incumbent upon the plaintiff to show that engine 1,073 was not equipped with a proper spark arrester, or that, being so equipped, it had become out of repair, and in such a bad condition as to emit unusual sparks or cinders, and that the defective condition was due to the neglect of the defendant's servants, and that such defect had existed a sufficient length of time to indicate that there had not been a proper inspection on the part of the defendant or its employés. No such evidence was produced. It must be borne in mind that the building which was burned was built of wood, its roof was shingled, and it stood within 20 feet of the track, and that the time was very dry when the fire started on the shingles, some of the witnesses say, halfway between the eaves and the peak. The evidence does not indicate that the fire was occasioned by the negligence of the defendant. The plaintiff had caused the roof of the adjacent building to be painted with fireproof paint. He had not taken that precaution with reference to building which was destroyed. It must be borne in mind that the defendant had the right to use its tracks and to use its locomotives at all times, provided they were in proper condition. Wheeler v. Railroad Co., 67 Hun, 639, 22 N. Y. Supp. 561.

Several offers to show the experience of witnesses were made, and their observations on other roads and on other occasions under other circumstances, and excluded. It is not apparent that, if that evidence had been received, it would have sustained the plaintiff's allegation of a defective condition of the spark arrester on defendant's engine 1,073 on the occasion of the fire. There was an entire absence of any proof that the engine was out of repair, or that it was improperly operated at the time of the fire. We think the court committed no error in not allowing the jury to conjecture as to the time the spark arrester came out of order, if it was out of order on the 29th of May, subsequent to the fire of which the plaintiff complains. Searles v.

Railway Co., 101 N. Y. 661, 5 N. E. 66; Reiss v. Steam Co., 128 N. Y. 107, 28 N. E. 24. We think the plaintiff has failed to sustain the burden cast upon him to establish negligence as a basis of recovery. Plaintiff's exceptions overruled, and judgment ordered for the defendant, with costs. All concur, except WARD, J., not voting.