Lanning v. The Chicago, Burlington & Quincy R'y Co.

1. **Evidence of Value:** NO MARKET PRICE: OPINIONS OF WITNESSES. Where the property in question had no market value, witnesses who showed that they had some knowledge of the value of such property were properly allowed to state what they considered it worth.

2. **Pleading:** ELEMENTS OF VALUE OF DESTROYED PROPERTY. In an action to recover for property destroyed, the qualities and uses of the property which added to its value may be shown without being alleged.

3. **Evidence:** WHAT ALLOWED IN REBUTTING. Plaintiff, in rebutting, may introduce any proper evidence tending to rebut, when he has not before introduced evidence of the same character.

4. **Instructions:** REFERRING JURY TO PLEADINGS. The trial court, after briefly stating the items of damage claimed by plaintiff, said: "For a more full statement of plaintiff's claim you are referred to his original and amended petition." *Held* no error. *Marion v. Chicago, R. I. & P. R'y Co.*, 64 Iowa, 568, followed. *Fitzgerald v. McCarty*, 55 Id., 702, and *Porter v. Knight*, 63 Id., 365, distinguished.

5. **Instructions:** ACTION FOR NEGLIGENCE: CONTRIBUTORY NEGLI-GENCE. In an action based on negligence, where there was no issue or evidence as to plaintiff's negligence, the doctrine of contributory negligence was properly omitted from the instructions.

6. **Railroads:** NEGLIGENT FIRES: PROOF OF OTHER FIRES FROM SAME ENGINE. In an action for damages by fire set out by defendant's engine, the jury was properly instructed that if the engine which set out the fire in question set out several other fires on the same trip, this should be regarded as evidence that the engine was not properly constructed, or was not in good repair, or was improperly used. See opinion for cases followed and distinguished.

7. **Jury**: DUTY AS TO CONTRADICTORY EVIDENCE. If witnesses on opposite sides give flatly contradictory evidence, the jury may believe the statements of one and disbelieve the other, • thus discarding the testimony of the witnesses they disbelieve.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, APRIL 7.

Action to recover damages sustained by plaintiff by reason of the destruction of his property by fire set out by an engine operated by defendant on its road. There was a judgment on a verdict for plaintiff. Defendant appeals.

*Stiles & Beaman,* for appellant.

*Sloan, Work & Brown,* for appellee.

BECK, J.—We shall consider the objections to the judgment of the district court in the order of their discussion by counsel.

I. The evidence tended to prove that the fire set out by defendant's engine injured or destroyed a hedge and certain grape-vines in a vineyard upon plaintiff's lands. Two witnesses were permitted to testify to the value of the hedge and vines in order to establish plaintiff's damage sustained by their injury or destruction. This evidence, counsel for defendant insist should not have been admitted, for the reason that it consisted of an expression of their opinion upon the subject, and neither of them was shown to have sufficient knowledge thereof to entitle him to express an opinion. Each of the witnesses shows that he had some knowledge of the value of hedges and grape-vines, and his estimate of the damage caused by the injury sustained is based upon such knowledge. It was not shown that either the vines or hedge had a market value, and undoubtedly they have none, for they are not the subject of sale separate from the land upon which they are growing.

1. EVIDENCE of value: no market price: opinion of witnesses:

As it appeared that the witnesses had such knowledge of the value of such property, they were rightly permitted to give their estimate thereof, which should have weight in accord with their acquaintance with the subject which the evidence showed the witnesses possessed. This thought was expressed by the district court in ruling upon this objection to the evidence.

II. The plaintiff was permitted to show, against defendant's objection, that the value of the hedge was enhanced by reason of the fact that it was a protection against the winds. Counsel now object to the evidence in this language: "No special damages on that account were claimed in the petition, nor was there any proof that it operated as a wind-break. Besides, it might be hard to show that a wind-break was needed on the south side of a vineyard." It is not necessary to allege in pleadings the qualities or uses of a thing which added to its value, when recovery is sought for its destruction or injury. The value of the thing is to be ascertained in determining the damages sustained in such a case. Plaintiff's land was used as a fruit farm. It may be readily inferred that a hedge around it is useful for protection against wind as well as against live stock, and south winds demand such protection to secure fruit from injury caused by the violent shaking of trees or vines.

*1. EVIDENCE: elements of value of destroyed property.*

III. Plaintiff was permitted in rebuttal, by more than one witness, to prove the facts tending to show that the first fire caught in combustibles upon defendant's right of way. Evidence to the contrary effect had been introduced by defendant. It is now insisted that this evidence by plaintiff was improperly admitted in rebuttal, for the reason that he had before introduced evidence of the same character; but we fail to find that plaintiff had before introduced evidence showing that the fire first caught on the right of way. He testified that when he first saw the fire it was burning both on and off the right of way.

*3. EVIDENCE: what allowed in rebutting.*

Defendant having introduced evidence tending to prove that the fire started outside of the right of way, it was competent for plaintiff, in rebuttal, to introduced evidence to the contrary.

IV. The district court in the first instruction, after briefly stating the various items of damages claimed by plaintiff in the petition and amended petition, uses this language: "For a more full statement of plaintiff's claim, you are referred to his original and amended petition." Counsel for defendant insist that in this the court below erred by referring the jury to the pleadings for a statement of the issue in the case, which is condemned by this court in *Fitzgerald v. McCarty*, 55 Iowa, 702, and in *Porter v. Knight*, 63 Id., 365. It plain that the instruction is not within the rule of these cases. It refers the jury to the petition and amendments thereto for a fuller statement of the several items of plaintiff's claim for damages. We can conceive of no prejudice which could result to defendant by the inspection of the petition by the jury for a better understanding of the claim of damages made by plaintiff. See *Marion v. Chicago, R. I. & P. R'y Co.*, 64 Iowa, 568.

4. INSTRUC-TIONS: referring jury to pleadings.

V. Counsel for defendant insist that the court erred in failing and refusing to present the doctrine of contributory negligence in proper instructions to the jury. It is sufficient to say that the question of plaintiff's negligence was presented neither by the petition nor answer, and we can discover no evidence tending to prove that he was negligent. As there was no issue or evidence upon the subject, it was properly omitted from the instruction.

5. INSRUC-TIONS: action for negligence: contributory negligence.

VI. The district court instructed the jury that if they found the engine which set out the fire burning plaintiff's property set out several successive fires on the same day, and on the same trip, this should be regarded as evidence that the engine was not properly constructed, or in good repair, or was improperly

6. RAILROADS: negligent fires: proof of other fires from same engine.

used. The instruction is correct. Surely the frequent occurrence of fires caused by the same engine are manifestations of defects in its construction, or that it was not in proper repair, or was negligently handled. See *Slossen v. Burlington, C. R. & N. R. Co.*, 60 Iowa, 215. The cases cited by defendant's counsel (*Bell v. Chicago, B. & Q. R'y Co.*, 64 Iowa, 321 and *Babcock v. Chicago & N. W. R'y Co.*, 62 Id., 593) are to the effect that the occurrence of other fires about the same time is not to be regarded as evidence that the fire was set out by the engine of defendant. They are not applicable to the question under consideration.

VII. An instruction directed the jury that they are the judges of the credibility of the witnesses, and in case of conflict of the evidence they should, if they can, reconcile it. The court then directed the jury in this language: "But you have a right to say whose testimony you will receive, and whose you will discard, but you should not discard any evidence without good cause for so doing." Counsel for defendant think the language quoted presents an erroneous rule, and that, if correct, judges would have no authority to interfere with verdicts. We think the instruction right. If witnesses on opposite sides give flatly contradictory evidence, it is plain that the jury, in the exercise of their discretion, may believe the statements of one side and disbelieve the other, thus discarding the testimony of the witnesses they disbelieve. If this discretion is lawfully exercised, the court cannot interfere; if it be not, and the evidence is discarded in violation of the rules prescribed for the discovery of truth, the court may set aside the verdict.

*7. JURY: duty as to contradictory evidence.*

The foregoing discussion disposes of all questions in the case argued by counsel. The judgment of the district court must be

AFFIRMED.