SESKA v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

77   137<br>90   151

1. **Railroads:** NEGLIGENT FIRES : PLEADING. A petition which alleged that the fire causing the injury complained of was set out by the defendant in the operation of its road stated a cause of action, without averments of negligence on defendant's part, for in such case negligence is presumed until the contrary is shown. (See cases cited in opinion.)

2. ———— : ———— : NEGLIGENCE : EVIDENCE. In such case, the fact that the fire was set out in the operation of the road was *prima-facie* evidence of negligence, and whether this *prima-facie* evidence was overcome by the evidence of care exercised by defendant, was a question for the jury, with whose finding this court cannot interfere. (See cases cited in opinion.)

3.  Evidence : ERROR WITHOUT PREJUDICE.  The admission of irrele-
vant evidence is no ground for reversal where it appears that
appellant was not prejudiced thereby.

*Appeal from Story District Court.*—HON. JOHN L.
STEVENS, Judge.

FILED, FEBRUARY 4, 1889.

ACTION to recover for oats in the stack, and straw,
stubble, pasture and fences owned by plaintiff, which
were burned by a fire set out by an engine operated on
defendant's road.   There was a judgment on a verdict
for plaintiff.   Defendant appeals.

*Struble & Stiger*, for appellant.

*Cole, McVey & Clark* and *G. A. Underwood*, for
appellee.

BECK, J.—I.    The petition does not allege that the
fire was set out or caused by the negligence or want of
care of defendant or its employes.    A motion in
arrest of judgment and for a new trial, on this ground,
was overruled.    This action is the first ground of com-
plaint made by defendant.    It is insisted that, in the
absence of averment that the fire resulted from want of
care or from negligence, the petition shows no ground for
recovery.   But the petition alleges that the fire causing the
injury was set out by defendant in operating its railroad.
The fact of the fire being set out in the operation of the
railroad is *prima-facie* evidence of negligence authorizing
recovery in the absence of evidence overcoming this legal
presumption.    *Small v. Chicago, R. I. & P. Ry. Co.*, 50
Iowa, 338 ; *Rose v. Chicago & N. W. Ry. Co.*, 72 Iowa,
625.   The facts alleged by the petition, in the absence
of averments of negligence, show a cause of action.
The motion was rightly overruled.

II.    Counsel for defendant maintain that there is an
absence of evidence tending to show negligence of
defendant which caused the fire ; but, under the doc-
trine of the cases above cited, the occurrence of the

fire, being set out in the operation of the railroad, is *prima-facie* evidence of negligence. Under this rule the negligence was established *prima facie.* Whether this *prima-facie* case was overcome was a question of fact to be determined by the jury. There was evidence tending to show negligence on the part of defendant, as that there were other fires set out at the same time by the same engine. The jury could well have found that the *prima-facie* case against defendant was not overcome by evidence of care exercised by defendant. *Slosson v. Burlington, C. R. & N. Ry. Co.*, 60 Iowa, 215; *Lanning v. Chicago, B. & Q. Ry. Co.*, 68 Iowa, 502.

III.   The plaintiff's property which was burned was insured, and the sum insured was paid by the company holding the risk. The claim by the insurance company upon defendant, arising on account of the fire, was assigned by a written instrument to plaintiff, who seeks in this action to recover thereon. Counsel now insist that the evidence failed to prove the execution of the assignment. But we think it cannot be said there is such a failure of evidence on this point as to authorize a new trial. On the contrary, we think the evidence quite satisfactorily shows that the instrument was executed by the general agent of the insurance company, who had authority to sell and transfer claims held and owned by it.

IV.   The plaintiff was permitted to testify, against defendant's objection, that when he made his claim against defendant on account of his loss he had not made a settlement with the insurance company therefor. The relevancy and applicability of this evidence is not readily discernible; but we think defendant could not have been prejudiced by it. Counsel do not attempt to point out prejudice resulting from it. Conceding that the evidence was inadmissible, we cannot disturb the judgment for the error of admitting it, when it appears no prejudice resulted therefrom.

These views dispose of all questions in the case. The judgment of the district court is

AFFIRMED.