97   99
105   591

KOHN BROTHERS v. W. F. JOHNSTON, Garnishee, Appel-
lant in suit of KOHN BROTHERS, Plaintiffs, v. W.
S. JOHNSTON, WESLEY JOHNSTON, and W. S. JOHN-
STON & COMPANY, Defendants.

**Evidence.** The petitions, notices, writs, and returns, in actions insti-
tuted against a judgment debtor by other parties, are not admis-
sible in evidence against a garnishee who claims the property
by virtue of possession taken under a mortgage to him, recorded
before either of the actions were commenced, for the purpose of
showing the alleged motive with which such mortgage was
recorded.

JURY QUESTION. In a proceeding to charge defendant garnishee
with certain property alleged to belong to defendant's debtors, it
appeared that the garnishee received from his co-defendants, a
mortgage on their stock of goods; that the garnishee stood in inti-
mate relation to co-defendants; and that the mortgage was not
recorded until he learned that a claim was about to be prosecuted
against them. *Held,* that the question whether there was an
agreement not to record the mortgage was for the jury. The doc-
trine of scintilla of evidence as laid down in *Meyer v. Houck,* 85
Iowa, 319, applies to the duty of the trial court and not to the
supreme court.

**Construction: INSTRUCTIONS.** An instruction that if a mortgage
under which garnishee claimed garnished property was not
recorded, through oversight, and not kept from record pursuant to
an understanding between the garnishee and the judgment debtor
that it should not be recorded, with intent thereby to preserve the
credit of the judgment debtor, then the verdict should be for the
defendant, is not erroneous as casting the burden of proving
the validity of the mortgage on the garnishee, where the rule as to
the burden of proof was covered in another instruction.

KINNE, J., took no part.

*Appeal from Tama District Court.*—HON. JOHN R. CALD-
WELL, Judge.

THURSDAY, JANUARY 30, 1896.

THIS is a garnishment proceeding, in which plaint-
iffs are seeking to hold W. F. Johnston as garnishee,
to pay the amount of a judgment they hold against

W. S. Johnston & Co., W. S. Johnston and Wesley Johnston, by reason of his holding certain property which, it is claimed, belongs to the judgment defendants. The garnishee made answers which were controverted by plaintiffs, and a trial was had to a jury upon the issues thus made, resulting in a verdict and judgment for the plaintiffs, from which the garnishee appeals.—*Reversed.*

*W. H. Stivers* and *J. W. Willett* for appellant.

*Struble & Stiger* for appellees.

DEEMER, J.—March 1, 1892, the appellees com menced an attachment suit against the firm of W. S. Johnston & Co., and caused the appellant herein to be garnished as a supposed debtor of Johnston & Co., or as holding property belonging to the firm. The appellant answered, denying any indebtedness to the defend ants in the main suit, and, further, stating that on March 4, 1891, the firm was indebted to him and others in a sum in excess of five thousand dollars; and that on that day it executed a chattel mortgage upon its stock of goods to secure this indebtedness; that on the eighteenth day of February, 1892, said indebtedness remaining unpaid, he took possession of the property covered by the mortgage, and was holding the same to secure the amount due, as well as the further sum of three hundred and twenty-five dollars, rent due him for the use of the store building in which the goods were kept. Afterwards this part of the answer was amended, the garnishee therein stating that on the twenty-ninth of February, 1892, and before the service of garnishment, he had an accounting with the firm; and it was agreed in this settlement that he (the garnishee) should take the goods in payment of the indebtedness due him, which was accordingly done, and all the indebtedness canceled, and that at the

time of the garnishment he was the absolute owner of the goods. The plaintiffs, who are the appellees, controverting these answers, alleged that the garnishee's mortgage, while executed March 4, 1891, was not filed for record until February 18, 1892, and that during all the intervening time it was concealed from plaintiffs, and its existence carefully, willfully, and fraudulently concealed, for the purpose of enabling the firm which executed it to purchase goods on credit, and to have a credit it did not in fact possess,—all of which was pursuant to a parol and secret understanding, between the appellant and the firm, that such mortgage should not be recorded. They further alleged that they sold their goods to the firm, for the purchase price of which this suit was brought, without notice of the mortgage, believing that the firm owned the stock of which it was possessed, free from any incumbrances; that the firm had no other property subject to execution except its stock; and that, at the time of the garnishment, it was in fact insolvent. They further stated in their pleading that the alleged settlement between the garnishee and the firm of Johnston & Co., was simply a device to defraud plaintiffs, and hinder them in the collection of their claim. It was also charged that W. F. Johnston, the garnishee, purposely withheld his mortgage from the records, with the purpose and intent that Johnston & Co. might, through the credit which they were enabled to obtain by reason of the concealment of the mortgage, purchase goods, and add the same to their stock, and thus increase the value of the garnishee's security. Each and all of these statements and claims of the plaintiffs were denied by the garnishee. Such were the issues on which the case was tried. We have stated them with some particularity, in order that the questions presented may be the better understood. The garnishee, at the conclusion of the plaintiffs' evidence, moved the court for a verdict

in his favor. This motion was overruled, and exception taken. It is now insisted that the court was in error in its ruling. We do not find it necessary to determine the question presented, on account of the final decision which must be had; and as the case will be retried, it is better that we express no opinion.

II. The plaintiffs were permitted to introduce in rebuttal, and to read in evidence, the petitions, notices, writs, and returns in two cases, brought against the firm of Johnston & Co., on the eighteenth and nineteenth days of February, 1892, respectively — one by Ella C. Philips, administratrix, and the other by the Toledo Savings Bank. The petitions in each case recited that defendants had disposed of their property with intent to defraud their creditors. None of these papers were properly received in rebuttal, for there was nothing in them which met any claim or statement which had previously been made by the garnishee, or his witnesses. Nor do we think they were competent or material for any purpose. The garnishee had recorded his mortgage and taken possession of the stock of goods before either action was commenced, and, as to one of them, there is no showing that the garnishee knew that it was either commenced or threatened at the time he recorded his mortgage. Appellees claim they show the indebtedness of Johnston & Co., but this is clearly incorrect, as they are merely *ex parte* statements of supposed creditors. It is insisted that these furnished the motive for recording the mortgage; but we have seen that this cannot be so, because the mortgage was recorded before the petitions were filed, or any proceedings had. It is probable that the fact that such suits were brought, or contemplated, before the garnishee recorded his mortgage, might be shown, if such fact were known to him, but the pleadings, notices, writs and returns filed and issued in the case, were

entirely irrelevant and immaterial to the issues presented. In view of some of the statements made in the pleadings, we cannot say that their admission was without prejudice.

III. In the fifth instruction the court told the jury, in substance, that if the garnishee withheld his mortgage from the records, pursuant to a secret understanding between the parties thereto, for the purpose of enabling Johnston & Co. to obtain credit, and that plaintiffs sold their goods to Johnston & Co., believing that they were the owners of the merchandise of which they were possessed, free of incumbrance, and that the garnishee kept his mortgage from the record for the purpose of not impairing the credit of the firm, then the transaction was fraudulent. In the eighth instruction he said that, if the mortgage was withheld from the record by the garnishee for the purpose of maintaining the credit of Johnston & Co., and to lead parties who dealt with them to believe that their stock was free from incumbrance, and that plaintiffs were induced to give credit when, otherwise, they would not have done so, had the mortgage been recorded, then the mortgage would be fraudulent, whether there was an understanding between the parties that the mortgage should not be recorded or not. In the eleventh instruction the court said, in effect, that if the mortgage was not recorded by reason of an oversight or inadvertence, and not pursuant to an understanding between the parties, and without any intent to maintain the credit of Johnston & Co., then their verdict should be for the defendant. It is insisted that these instructions were contradictory, misleading and confusing, that the fifth has no evidence in its support, and that the eleventh casts the burden of showing the validity of the mortgage upon the garnishee. We do

not think either of these positions are tenable. The instructions are not in conflict, but, when construed together, are harmonious. They not only present the plaintiffs' theory of the case, but the defendant's as well, and are entirely consistent, as we understand them. The eleventh does not relate to the burden of proof. This matter was covered in another instruction, with reference to where the burden was, and there is no rule better settled in the law than that all the instructions should be considered and construed together. When this is done in this case, there is no room for the objections urged. It is further contended that there is no evidence to support the fifth paragraph. It must be confessed that it is somewhat meager, and yet we do not think there was such a lack of it as to justify us in saying that there was none from which the jury might have found its verdict. Counsel for appellant cite *Meyer v. Houck*, 85 Iowa, 319 (52 N. W. Rep. 236), in support of their contention. It may be well to observe with reference to this case, that the rule announced therein is apparently misapprehended by attorneys who practice at this bar. The doctrine of scintilla of evidence, as applied to that case, relates to the powers and duties of trial courts, and not as to the rule to be applied when the case reaches this court. This has been fully explained heretofore in the case of *Phillips v. Phillips*, 93 Iowa 615 (61 N. W. Rep. 1071); *Bever v. Spangler*, 93 Iowa 576 (61 N. W. Rep. 1072).

We look, then, to the testimony, and find that it tends to show that the garnishee is a careful and prudent business man; that he has had much to do with chattel mortgages, and undoubtedly understood the effect of placing on record one which secured a debt amounting to a large part of the value of the stock covered thereby; that he had previously

held a mortgage upon this same stock, which he did not record; that the garnishee stood in intimate relation to the members of the firm, and had an office in the store; and that the stock of goods was practically all the property owned by the firm, or the individual members thereof. The garnishee testified, with reference to the recording of the mortgage, as follows: "It was on the morning of the eighteenth that I heard some threats of prosecution being commenced, on the Philips claim, against W. S. Johnston & Co. It was the Philips claim. When I heard of that prosecution being commenced against them, on the Philips claim, it immediately occurred to me that I had a chattel mortgage on the stock. I don't know as I remember how much it was. I suppose I did, and I soon afterwards put it upon record. I was informed the prosecution was about to be commenced. There had no suit been commenced at the date of the recording of my mortgage. There was nothing served on me before it was recorded. The moment I heard of the prosecution, I did not stop to ask any questions. I went and looked the matter up, and found it was not on record, and I put it on.   *   *   *   No one informed me of the threatened prosecution of the Philips claim. I simply overheard it." In view of all this evidence, and some other which might be detailed, we cannot say that the jury was not justified in inferring an agreement between the parties not to record the mortgage, although all parties to the instrument expressly denied that there was such an agreement. The cases of *Goll v. Miller*, 87 Iowa, 426 (54 N. W. Rep. 443), and *Falker v. Linehan*, 88 Iowa, 641 (55 N. W. Rep. 503), shed light upon this question. We are not to be understood as indicating our views as to what the verdict should have been. Our conclusion is, simply, that there was enough evidence on the question of

the agreement not to record, to take the case to the jury. For the error pointed out in the admission of evidence, the judgment is REVERSED.

KINNE, J., took no part.