BERRY FRANK, Appellant, v. W. J. DAVENPORT, Sheriff, and R. B. JOHNSON, Appellees.

**Accepting Jury:** WAIVER. A party who accepts the jury and comes to trial without objecting cannot be heard to complain either of the character of the jury or the time of the trial.

**Appeal:** CURING. It is not prejudicial error for the court, in its charge to state that one was in possession of property at the time of levy, where the evidence showed that he was in sole charge, and the jury were instructed as to the effect of such possession in case it should be found that he was only an employe.

**HARMLESS ERROR:** *Instructions.* It is not prejudicial error for the court to read to the jury a pleading in the action which there is no evidence to support where the court later in its charge called the jury's attention especially to the issues which had support in the testimony.

**INSTRUCTIONS CONSTRUED TOGETHER.** The appellate court will consider the instructions complained of, in connection with the charge as a whole.

**MISCONDUCT OF COUNSEL:** *Waiver.* The failure of the appellant to call the trial court's attention to the conduct of the counsel in presenting the case to the jury justifies the supreme court in refusing to grant any relief on that ground.

**SAME:** *Affidavits.* Misconduct of an attorney in presenting a case to the jury which occurs in the presence of the court cannot be shown on appeal by affidavits.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, MAY 19, 1898.

PLAINTIFF brings this action to recover damages of defendants for the alleged wrongful conversion of certain personal property of which he claims to be the owner. There was a jury trial, verdict and judgment for defendants, and plaintiff appeals.—*Affirmed.*

*D. W. Higbee* for appellant.

*Bull & Fry* for appellees.

WATERMAN, J.—The petition avers that the defendant R. B. Johnson, holding a judgment against one L. Frank, procured execution to be issued thereon, and placed the writ in the hands of his co-defendant Davenport, who was sheriff of Union county, and maliciously directed said sheriff to levy the same upon forty-four sacks of old rubber belonging to plaintiff; that, in pursuance of said directions, the sheriff levied upon said property, and took and carried it away, and keeps and retains the same; that plaintiff served written notice on said officer to release said property, but that he has failed and refuses so to do. Judgment is asked for one hundred and thirty-eight dollars and twenty-five cents. The defendants filed separate answers, and in effect justify their action by alleging that the rubber levied upon was in fact the property of the judgment debtor, L. Frank.

II.   Appellant's first ground of complaint is that "the verdict of the jury is the result of passion and prejudice, and is wholly unsupported by the evidence." In this connection we may well consider his second assignment of error, which is as follows: "The verdict of the jury was manifestly the result of political prejudice and religious bigotry, induced by improper remarks in argument by appellees' counsel." As tending to sustain these claims, appellant attaches his affidavit to

the motion for a new trial, in which he says: "That the jury in said cause were composed in large part of Populists and others who are in favor of free silver, and at the time of said trial there was a political canvass in progress, in which great interest and excitement existed; further, this plaintiff belongs to the Hebrew race, and all of said jurymen were Gentiles, many of them belonging to the different Protestant churches," etc. We hardly think that plaintiff means to charge that a belief in the doctrines of Populism necessarily unfits a man for jury duty, though such is a fair inference from the allegations of his motion and the averments of his affidavit. We may say also that it is difficult to understand exactly the grounds of the complaint that this trial was had while an exciting political canvass was being made. We do not know whether plaintiff thinks the campaign should have been postponed until the case was tried, or that the case should have been continued until the campaign was closed. Perhaps these matters can be disposed of by the suggestion that the plaintiff accepted the jury, and went to trial, without objection, and he cannot therefore be heard now to complain, either of the character of the jury or the time of the trial.

III. But it is also said the jury was composed entirely of Gentiles, while plaintiff is a Hebrew, and that defendants' counsel aroused the prejudice of the jurors by an inflammatory appeal. The language complained of was used in the address of counsel to the jury, and it is presented here by affidavit. Misconduct of an attorney in presenting a case to the jury, which occurs in the presence of the court, cannot be shown by affidavit. *Rayburn v. Railway Co.*, 74 Iowa, 637; *State v. La Grange*, 99 Iowa, 10. We may also add that the use of the language charged is denied by counsel for defendant. It does not appear that plaintiff's counsel thought the

matter of sufficient importance to call the trial court's attention to it at the time. We might, for this reason, refuse to grant any relief on this ground. *Ross v. City of Davenport*, 66 Iowa, 548.

IV. There are two other assignments of error. The trial judge, by consent, charged the jury orally, and prefaced what he had to say by reading the pleadings. It is said there was error in reading the answer of R. B. Johnson, there being no evidence to support its averments. It was a pleading in the case, however, and there was no serious impropriety in reading it; certainly no prejudicial error, for later in the charge the court called attention specially to the issues which had support in the testimony. *Lanning v. Railroad Co.*, 68 Iowa, 502; *Morrison v. Railway Co.*, 84 Iowa, 663.

Nor is there any just ground of complaint because the court, in instructing the jury, stated that L. Frank was in possession of this property at the time the levy was made. The evidence shows without dispute that he was in charge of the store at the time, and that Berry Frank, the plaintiff, was not present. The jury could not have misapprehended what was meant, for they were fully instructed afterwards as to the effect of the possession of L. Frank in case it was found that he was only an employe of plaintiff. The error, if any was without prejudice. The instructions should be considered together. *Kohn v. Johnston*, 97 Iowa, 99. When so taken, the charge of the court presents a correct exposition of the law of the case. There was evidence sufficient to support the verdict, and no material error having been committed by the court, the judgment below will be AFFIRMED.