(22 App. Div. 610.)

### DOUGHERTY v. KING et al.

(Supreme Court, Appellate Division, Third Department. December 7, 1897.)

1. INSTRUCTIONS—MISSTATEMENT OF EVIDENCE.
 Where the court instructed the jury that certain material testimony had been given, which is not shown by the record to have been given, it is ground for reversal.

2. RAILROADS—SETTING FIRES—NEGLIGENCE.
 In an action for damages resulting from fire set by sparks from a locomotive, where the evidence does not show that the sparks emitted were of unusual size, or greater in quantity than well-constructed spark protectors will emit, and it is shown that the fire started near where the locomotive was starting on a curve, it is insufficient to establish negligence.

Appeal from trial term, Sullivan county.

Action by Henry Dougherty against John King and John G. McCullough, as receivers of the New York & Erie Railroad Company. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Henry Bacon, for appellants.
John T. Anderson, for respondent.

LANDON, J. The evidence tended to show that on May 15, 1894, the defendants' engine No. 132, hauling a way freight train upon their railroad, emitted sparks which set fire to dry grass or other combustibles within its right of way, and thence ran into the adjoin-

ing woodland, and advanced, in spite of efforts to extinguish it, for about 36 hours, when it reached the plaintiff's lands, more than two miles from the starting point, and there did damage to the amount of the verdict. The place where the fire started was upon a high, steep bank upon a curve, in a wooded region. The main question upon the trial was whether the fire was caused by defendants' negligence. The trial judge submitted two questions to the jury respecting the defendants' negligence: (1) Whether the spark-arresting appliances of engine No. 132 were out of order, or improperly managed; (2) whether the defendants had negligently omitted to keep their right of way free from combustible material. Respecting the spark arrester of the engine, the trial judge held that it was properly constructed, and a proper appliance, but instructed the jury that under the evidence they might find whether, upon this occasion, it was in proper order, or properly managed. He said to them, in effect, that there was evidence that one of the defendants' track men was instructed to follow up this engine through this district, and look out for fires, "thus leaving the inference for you that it was not properly working in its spark-arresting appliance"; that, although there was other evidence that this instruction was given after the fire in respect to engine 118, and not 132, and evidence on the part of the defendants that immediately before engine 132 went upon this trip, and immediately after it returned from it, the engine and its spark arrester were inspected, and were found in perfect condition, yet the jury might determine from the whole evidence, including the emission of sparks, whether the spark-arresting apparatus was defective or improperly operated. The defendants' counsel excepted to the portion of the charge which assumed that there was testimony identifying the engine as to which instructions to follow were given as 132, and fixing the time before the date of the fire. The court thereupon said to the jury: "I have submitted to you a question which I thought the evidence pointed out. If you do not find the evidence, of course you must just disagree with the court." Defendants' counsel then asked the court to charge that there was no evidence fixing the time as of the date of the fire. "The Court: I submit it to the jury. Defendant's Counsel: I except." The court also refused defendants' request to charge "that there is no testimony identifying the engine concerning which order was given to watch it as No. 132." We have examined the record, and do not find any testimony tending to show that the instructions were given in respect to engine 132, or that such instructions were given before the fire. The witness William Mitchel testified to such directions being given in respect to the engine run by John Kelly, but that they were given after the fire. Regan, the track foreman, testified that he had instructions to give orders to follow one of the way freight engines, and look out for fire; but he did not know which engine it was, and thought the instructions were given after the fire. Barrett, supervisor of the track, called by defendants, testified that he gave the instructions to Regan, and he gave them with reference to engine 118, and not with reference to 132. John Kelly usually ran engine 132, but Barrett testi-

fied that it was replaced for a few days by 118, and that the order was given as to 118. Thus, while this testimony may have been open to suspicion that the fact was otherwise, there was no evidence that it was otherwise, and hence there was a failure of proof that any order had been given to follow up engine 132, and also that the order had been given as to it before the fire. Hence the jury had no right to find that such evidence respecting engine 132 had been given, and therefore could not make use of it to inculpate engine 132, and the court erred in permitting them to do so. Linkhauf v. Lombard, 137 N. Y. 417, 425, 33 N. E. 472.

There was no evidence that the sparks emitted from the engine were of unusual size, or greater in quantity than a well-constructed spark arrester will emit. This way train had stopped near where the fire kindled to pick up some ties. It was upon a curve, and, no doubt, in starting, the engine emitted sparks copiously. Under the repeated adjudications of the court, this is not of itself evidence of negligence. Flinn v. Railroad Co., 142 N. Y. 11, 36 N. E. 1046; Wiedmer v. Railroad Co., 114 N. Y. 462, 21 N. E. 1041; McCaig v. Railway Co., 8 Hun, 599; Frier v. Canal Co., 86 Hun, 464, 33 N. Y. Supp. 886; Miller v. Railroad Co., 92 Hun, 282, 36 N. Y. Supp. 719; Brown v. Railroad Co., 4 App. Div. 465, 38 N. Y. Supp. 655; Van Nostrand v. Railroad Co., 78 Hun, 549, 29 N. Y. Supp. 625; Searles v. Railway Co., 101 N. Y. 661, 5 N. E. 66. In Tanner v. Railroad Co., 108 N. Y. 623, 15 N. E. 379, cited by plaintiff, the sparks emitted were "half as large as a walnut." In Field v. Railroad Co., 32 N. Y. 346, "the injury was caused by dropping from defendants' engines coals of fire," and "their engines were without any screens on the fire boxes or pans to retain the fire." Whether the same verdict would have been rendered upon the other branch of the case, we do not know.

The judgment must be reversed; new trial granted; costs to abide the event. All concur.