(57 App. Div. 192.)

WEEKS v. ERIE R. CO.

(Supreme Court, Appellate Division, Second. Department. January 25, 1901.)

RAILROADS—FIRES—SPARKS FROM ENGINE—NEGLIGENCE.

    In an action against a railroad company for starting fire on defendant's land by casting sparks thereon, evidence that there was a curve in the railroad at the point the fire was kindled, and that the engine "pulled hard there, and threw sparks in the air," was insufficient to show negligence on defendant's part; there being no evidence that the throwing of sparks was peculiar to that particular engine, or that it threw an unusual quantity, but, on the contrary, that other engines "pulled hard there, and threw sparks."

Appeal from trial term, Orange county.

Action by Emily A. Weeks against the Erie Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, JENKS, and SEWELL, JJ.

Charles G. Cronin, for appellant.
Henry Bacon, for respondent.

JENKS, J. This is an action brought to recover damages for the negligence of the defendant in kindling fires on the plaintiff's lands by casting sparks thereon. I think that the learned trial justice rightly dismissed the complaint at the close of the plaintiff's evidence, for the reason that no negligence on the part of the defendant was shown. One witness testified that he "heard the engine going up the track,— heard the cars going up the track. They were throwing sparks. The sparks were flying up in the air from the engine, and flying over on the farm." On cross-examination he testified: "I did see the engine.

* * * It was a freight engine. * * * There is a little bit of a curve at that point where these cars go around; and engines pull hard up there,—labor, and make a good deal of noise. I have seen other engines throwing sparks there,—freight engines particularly,—when going westward." This is all of the testimony bearing upon the alleged negligence of the defendant in the matter of casting the sparks. In Frace v. Railroad Co., 143 N. Y. 182, 38 N. E. 102, the court held that it could take judicial notice of the fact that no system yet invented can wholly prevent the emission of live sparks from an engine under certain conditions. It did not appear in this case that the emission of the sparks in question was peculiar to that engine, or that such emission was in unusual quantities, but, on the contrary, it was shown that other and similar engines, at the same place, "pulled hard up there, labored, and made a good deal of noise, and threw sparks." This was plainly insufficient to make out a prima facie case against the defendant. Flinn v. Railroad Co., 142 N. Y. 11, 19, 20, 36 N. E. 1046; Rood v. Railroad Co., 18 Barb. 80, 86, 87; Van Nostrand v. Railroad Co., 78 Hun, 549, 29 N. Y. Supp. 625; Dougherty v. King, 22 App. Div. 610, 48 N. Y. Supp. 110.

The judgment must be affirmed, with costs. All concur.