(79 App. Div. 171.)

### SMITH et al. v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. January 30, 1903.)

1. RAILROADS—FIRES—EVIDENCE—SUFFICIENCY FOR JURY.
   Testimony by plaintiff and his sister, in an action against a railroad for damage to land by fire, that shortly after a mail train of defendant had passed they smelled smoke, and went back, and found a fire in the right of way, and live coals lying there, etc., made a case for the jury.

Appeal from trial term, Suffolk county.

Action by William E. T. Smith and others against the Long Island Railroad Company. Judgment dismissing complaint, and plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Clarence G. T. Smith (John R. Reid, on the brief), for appellants. William J. Kelly, for respondent.

GOODRICH, P. J. The plaintiffs are owners of a large tract of land on the southerly side of the Long Island Railroad between Mastic and Brookhaven. On April 6, 1900, a fire occurred, burning over a portion of the tract. The complaint alleged "that the defendant negligently operated its engines over its tracks, and negligently forced large quantities of live coals from its engines, and did negligently permit and allow quantities of dried grass and leaves to accumulate upon its tract [sic] and right of way, and did negligently set fire to the same on or about the 6th day of April, 1900, and did negligently permit and allow said fires to extend to plaintiffs' lands, and burned over about a thousand acres thereof, destroying the growing trees thereon, to their damage of five thousand ($5,000) dollars." The defendant denied this allegation, and the case came on for trial, when, at the close of the plaintiffs' evidence, the court dismissed the complaint, and the plaintiffs appeal, contending that the evidence was sufficient to require its submission to the jury.

There was evidence that Mr. Smith, one of the plaintiffs, and his sister, were driving in the vicinity of their land, and saw a mail train of the defendant at Mastic, which lies to the eastward of the plaintiffs' land; that as they crossed the track this train passed by their land, going toward Brookhaven, which is three miles west of Mastic; that they smelled smoke; that they went back, and found that there was a fire burning between the railroad and a fire road which is 5 or 6 rods south of the railroad; that one of them, Mr. Smith, tried

to whip out the fire, but was unable to do so; that the wind was blowing hard from the north; that there were inflammable bushes and grasses on the railroad right of way; that he saw and picked up cinders and seven or eight live coals as large as his thumb on the railroad right of way and about 15 feet from the track, it being conceded that the defendant's right of way extended 27 feet south of the center line between the rails; and that there were bushes and dried grass on this right of way near the place where the coals were picked up. Miss Smith testified that there was "fire burning between the telegraph pole and the railroad"; that there was no fire in the vicinity before the mail train passed, and that the smoke appeared four or five minutes afterwards. This evidence was sufficient to require the submission to the jury of the question whether the fire was caused by coals dropped by the defendant's engine onto inflammable matter on its right of way, and thence communicated to the plaintiffs' land. O'Reilly v. Railroad Co., 72 App. Div. 228, 76 N. Y. Supp. 171. The rule is well stated in 2 Thomp. Neg. § 2291, where it is said, citing authorities:

"The negligence of the railroad company in communicating the fire may be proved wholly by circumstantial evidence, and there need not necessarily be direct proof of any particular act or omission upon which the law predicates negligence. Circumstantial evidence raising an inference of negligence is as good, for the purpose of taking the question to the jury, as is direct evidence; and when it is so taken to them the judge cannot properly withdraw it from them merely because he may suppose—usurping their functions—that the evidence of negligence has been rebutted by evidence adduced for the defendant. It is for the jury to judge of the weight and sufficiency of the countervailing evidence. The discovery of a fire on or near the company's right of way shortly after a locomotive has passed warrants the inference that it was set by sparks thrown from the engine, it being a matter of common knowledge that locomotives do emit sparks."

It was error to dismiss the complaint, and the judgment should be reversed. All concur.