(97 App. Div. 141.)
### GRAHAM v. JOSEPH H. BAULAND CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. NEGLIGENCE—RENDERING PLACE UNSAFE.
   Negligence may be inferred from the act of a department store employé in leaving a feather duster upon the stairway, upon which a customer slipped and fell.
2. SAME—DEPARTMENT STORES—DUTY OF OWNER.
   It is the duty of the owner of a department store to exercise reasonable care to keep the stairways therein safe for the use of the public.
3. SAME—CONTRIBUTORY NEGLIGENCE.
   A customer in a department store was not guilty of contributory negligence as a matter of law in stepping upon a feather duster concealed from view by a dust cloth which lay upon a stairway, where, as she started to descend the stairs, she looked down, and, on seeing the object, stepped to one side until she thought the way was clear.
4. DAMAGES—PLEADING—GENERAL ALLEGATIONS.
   An allegation of a complaint for injuries that plaintiff is "and was seriously and permanently bruised and injured" is broad enough to admit proof of any bodily injury which resulted from the accident, including evidence of an impairment of hearing and sight.
5. EVIDENCE—EXPERT TESTIMONY—OPINIONS OF PHYSICIANS.
   In an action for injuries it is proper to admit evidence of competent physicians that plaintiff's condition at the trial could have resulted from the accident.
6. SAME—DEFINITENESS OF TESTIMONY.
   In an action for injuries, testimony of a physician, in answer to a question as to whether there would be an improvement of plaintiff's present condition, that he did not think it was "likely," was not objectionable as being indefinite and speculative.
7. DAMAGES—PERSONAL INJURIES—AMOUNT OF VERDICT.
   In an action for injuries the evidence showed that plaintiff suffered great pain, which extended through her head and back, and was con-

fined in bed for several weeks, during which she slept with difficulty, her eyes being swollen shut so that she could see out of neither, and it being necessary to keep packed ice around her head; that within three months she lost her hair; that she had lockjaw for eight weeks, and internal hemorrhages; that she was left with one leg shorter than the other, with her eyesight and hearing considerably impaired, and other minor ailments. *Held*, that a verdict for $9,000 was not excessive.

·Appeal from Trial Term, Kings County.

Action by Louise Graham against the Joseph H. Bauland Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Learned Hand, for appellant.

Stephen C. Baldwin, for respondent.

HOOKER, J. This action arose from a fall which the plaintiff experienced in descending the stairs in defendant's store to the basement. She stepped upon the round handle of a feather duster, thereby lost her balance, and fell, so that she sat down with some violence at the foot of the flight. The jury has found a verdict of $9,000 in her favor, and the defendant appeals from the judgment entered thereon, and from the denial of the motion for a new trial.

There was evidence strongly suggestive of the fact that the feather duster had been left upon the stairway by Mary Winn, one of the defendant's employés, whose duty it was to clean the stairs every day, and who, it seems, had cleaned this place during the morning of the day of the accident, and before it occurred. From this evidence it was competent for the jury to find that the place had been rendered unsafe by the act of the defendant, and it was guilty of negligence therefor. Smith v. Long Island R. R. Co., 79 App. Div. 171, 80 N. Y. Supp. 4; White v. N. Y. C. & H. R. R. R. Co., 90 App. Div. 356, 85 N. Y. Supp. 497; Dehmann v. Beck, 61 App. Div. 505, 70 N. Y. Supp. 29. The duty of the owner of a department store toward customers is to exercise reasonable care to keep the stairways therein, which the public is tacitly invited to use, safe for that purpose, and upon a violation of that duty negligence may be predicated. Quirk v. Siegel-Cooper Co., 43 App. Div. 464, 60 N. Y. Supp. 228. See, also, Cooley v. Trustees N. Y. & Brooklyn Bridge, 46 App. Div. 243, 61 N. Y. Supp. 1.

Nor was the plaintiff guilty of contributory negligence as matter of law. She says that as she started to descend she "naturally looked down, and saw something that looked like a piece of crumpled wrapping paper, and I stepped to the side of it, and thought the way was all clear, naturally, looking; and the next thing I knew I felt myself going, jarring, down, down," etc. What appeared like paper later developed to be a dust cloth, and this concealed from view the feather duster. It was not plaintiff's duty to look at or examine the very spot upon which she intended to place her foot. Her intent to act prudently was evidenced by her actually moving to one side of the apparent slight obstruction. She had the right to assume that the way was safe for her passage, and no rule of law exists which requires us to interfere with

the jury's declaration that the plaintiff performed her full duty under the circumstances of this case.

Over the defendant's objection and exception the court admitted evidence tending to show an impairment of the plaintiff's hearing and sight by reason of the accident; the ground of the objection being that no such injuries were pleaded, and that no notice of any such claim had been given to the defendant. Here it should be noted, however, that the defendant did not claim to be surprised, or to suffer any inconvenience or injustice by reason of surprise, did not request delay to prepare to meet proof of these ailments, and did not include surprise as one of the grounds upon which it based its motion for a new trial. The allegation of the complaint, so far as material to this discussion, is, "and was seriously and permanently bruised and injured." The terms of this statement are most general. It is true that the case of Ehrgott v. Mayor, 96 N. Y. 274, 48 Am. Rep. 622, has been distinguished in the Court of Appeals (Kleiner v. Third Avenue R. R. Co., 162 N. Y. 193, 201, 56 N. E. 497), but the question here presented is so similar to that decided in Ehrgott's Case as necessarily to be controlled thereby. There the plaintiff alleged in his complaint that from the accident he suffered great bodily injury; that he became, and still continued to be, sick, sore, and disabled. The court held these allegations sufficient to authorize proof of any bodily injury resulting from the accident, including a disease of the spine, and said: "If the defendant desired that they should be more definite, it could have moved to have them made more specific, or for a bill of particulars." In Kleiner's Case the complaint particularized the injuries which the plaintiff claimed to have sustained. He was not content merely to allege that he was severely and permanently bruised and injured, but felt called upon to attempt to advise the defendant of the nature, extent, and scope of his hurt. In distinguishing Ehrgott's Case the court said that the naming of the certain specified injuries in effect limited the statement of permanent injuries to those alleged, and that, therefore, the precise question there presented was whether, under a complaint alleging that the plaintiff received a severe nervous shock, evidence tending to show that, as a result thereof, there was produced heart disease, vertigo, and curvature of the spine, might be admitted, the conclusion reached being in the negative. Mr. Justice Jenks, in Piltz v. Yonkers Railroad Co., 83 App. Div. 29, 82 N. Y. Supp. 220, has taken occasion to point out the distinction between these two cases in the court of last resort, and to review many cases in this court, depending upon either the one rule or the other. He says:

"A general allegation may put the defendant on inquiry, but a general allegation with specifications may throw even a prudent defendant off his guard, so that he limits his preparation to meet such damages as must result, or as are specified to have resulted, from the accident and the injury inflicted. Where the injuries, though alleged in general terms, are thereafter specified and defined, it is not entirely just to a defendant to say that he should have asked for further specifications at his peril, or, where they seem to be particularized, that he must pay the penalty for not asking for a bill of particulars."

The plaintiff was clearly entitled to offer proof of any bodily injury which resulted from the accident.

The defendant seeks to reverse the judgment on account of the reception of evidence of physicians that the plaintiff's condition at the trial could have come from the fall she experienced, and that such fall and the injuries she sustained were a sufficient and competent cause. The reception of this evidence and refusal to strike it out did not constitute error. It was proper for the jury to determine whether the physical condition the plaintiff presented to them was the direct result of the accident, and it was competent to furnish the jury with the evidence of the opinions of competent medical men as to whether such condition could have resulted from the accident. This rule is established in Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453, where the cases cited by the appellant and relied upon by it on this question are clearly distinguished.

The defendant also urges that reversible error was committed in refusing to strike out the following answer to this question:

"In your opinion, is that vision permanently impaired in that eye, and will there be an improvement of the present condition? A. I don't think it is likely, after this length of time."

After the court refused to strike the answer out, the physician testified that such was his opinion. The appellant objects to the use by the expert of the term "likely," contending that such evidence is indefinite and speculative. We think, however, that the meaning fairly to be attached to that word endows the answer with the same force as though the physician had testified that such a condition was reasonably probable. Mr. Justice Rumsey, discussing a similar proposition in Knoll v. Third Avenue R. R. Co., 46 App. Div. 527, 62 N. Y. Supp. 16, affirmed 168 N. Y. 592, 60 N. E. 1113, said:

"The fact that the word 'likely' was used in the question instead of the word 'probable,' upon which some stress was laid, was of no importance. While the two words are not synonymous, yet in this connection their meaning is practically the same."

Nor are we convinced that the amount of damages the jury awarded was in any particular excessive. Evidence appears in the record, which the jury has evidently believed, that, as a result of the accident, the plaintiff suffered great pain very soon thereafter, which extended through her head and back. She was compelled to remain in bed for seven days following a day or two after the accident, and soon after was kept there a week under treatment. Commencing a little over a month after the accident, she was confined to her bed for seven weeks, during which time she slept with difficulty, and it was necessary to stretch a sheet over her to prevent anything touching her at all. Packed ice was kept on her head for a period of seven weeks. For the first three weeks this ice, contained in bags, was renewed every 10 minutes. Her eyes were swollen shut, and she suffered pain therein. She was in a feverish condition, and could not see out of either eye for 11 weeks. Within three months after the accident she lost all her hair, both on her head and eyes, she had lockjaw, and it was necessary to feed her and to give her medicine through a glass tube, and this condition lasted eight weeks. During that time she had internal hemorrhages. She has been left with one leg about an inch shorter than the other. Her eyesight and hearing are both considerably impaired.

Her eyesight is so affected that she is compelled to wear dark glasses to protect her vision. Other minor ailments she appears to suffer from, which it is not necessary to enumerate here. The amount of the award was clearly not induced by passion or prejudice, and was no greater than fair compensatory damages under the circumstances. The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.