(108 App. Div. 74.)

### BABBITT v. ERIE R. CO.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. RAILROADS—FIRES—REFEREE'S FINDINGS—EVIDENCE.

In an action against a railroad company for the destruction of plaintiff's house by fire alleged to have been negligently set out, evidence *held* to justify a referee's finding that several fires discovered on premises adjoining defendant's right of way in the vicinity, and the fire which destroyed plaintiff's house and contents, were set by sparks emitted from defendant's engine as charged.

2. SAME—NEGLIGENCE—PRESUMPTIONS.

The mere fact that a fire is set by sparks from a railroad locomotive is insufficient to raise a presumption of negligence, authorizing a recovery of damages for the destruction of property thereby, against the corporation operating the engine.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 1710.]

3. SAME—DEFECTIVE ENGINE—NEGLIGENT OPERATION—EVIDENCE.

In an action to recover for fire alleged to have been set by defendant's engine, evidence *held* to sustain a referee's finding that defendant was guilty of negligence in the management or equipment of its engine.

4. EVIDENCE—SUBJECTS OF EXPERT TESTIMONY.

    Expert witnesses may properly testify as to the condition of sparks or cinders thrown a specified distance, and whether, in their observation and experience, live or burning sparks capable of setting a fire could be carried from 40 to 96 feet from the engine, as shown by other evidence, if the engine was in proper order and was properly managed.

Appeal from Judgment on Report of Referee.

Action by Alice Babbitt against the Erie Railroad Company. From a judgment in favor of plaintiff on a referee's report, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Orcutt & Brown (E. A. Robbins, of counsel), for appellant.

Arthur E. Clark, for respondent.

CHASE, J. The plaintiff was the owner of certain furniture in a house which, with the furniture, was consumed by fire on the 23d day of April, 1902. She claims that the fire originated from sparks emitted from an engine drawing a train over the defendant's road, and that her furniture was destroyed by reason of the negligence of the defendant in operating its said engine and in allowing said engine to be used in a defective condition. The referee found:

"That the said fire was caused by sparks which issued from one of the defendant's locomotives, known as 'No. 891,' and the said fire was due to the negligence of the defendant in the management or condition of the said locomotive."

The house in which the furniture was burned had been built about 20 years and was situated 40 or 50 feet easterly from the nearest track of the defendant's road in the county of Wyoming. The defendant's road at that point runs nearly north and south, and consists of two tracks. From a point about 100 rods southerly of said house there is an upgrade, extending northerly for 2 or 3 miles. From a point about 2 miles south of said house to a point about one-half mile north of said house there are about 14 farms. Preceding the fire there had been several days of dry weather, and on the day of the fire there was a strong wind. Soon after 2 o'clock on that day defendant's train 37, consisting of about 60 freight cars, drawn by engine No. 891, passed north by said farms at a speed of about 30 miles an hour. Plaintiff produced evidence to show that prior to said train 37 going north there were no fires along said track. Within a short time after said train passed northerly, 10 or more distinct fires were discovered on the ground on said farms within 40 to 96 feet of the tracks and within said distance of about 2½ miles along said tracks. At about the same time fire was discovered in three distinct places at the rear of said house—one on and behind the slats of a closed blind, one in the clapboards on said house a few feet from said blind, and one in the straw and manure that had been used in banking the foundation of the house. The plaintiff did not give any direct evidence that the defendant's engine was defective, or that it was carelessly and improperly managed, and there is no direct evidence that the engine emitted sparks of unusual size or quantity. The defendant did not offer any evidence. Many witnesses re-

siding on said farms were sworn, and the circumstances attending the fires at said house and along said roadway were shown, and the testimony and circumstances tend to show that said fires were not started by means other than the defendant's engine. We think the evidence was sufficient to justify a finding that said 10 or more fires discovered on the farms adjoining the defendant's roadway and the fire which destroyed the house and furniture were set by sparks emitted from the defendant's engine No. 891. O'Reilly v. Erie R. R. Co., 72 App. Div. 228, 76 N. Y. Supp. 171; O'Neill v. N. Y., O. & W. R. R. Co., 115 N. Y. 579, 22 N. E. 217, 5 L. R. A. 591; Webb v. R., W. & O. R. R. Co., 49 N. Y. 420, 10 Am. Rep. 389; Smith v. L. I. R. R. Co., 79 App. Div. 171, 80 N. Y. Supp. 4; Bevier v. D. & H. C. Co. 13 Hun, 254; Billings v. F. R. Co., 11 N. Y. Supp. 837, s. c. 128 N. Y. 644, 29 N. E. 147.

In this state, where an engine is operated under lawful authority, the fact that a fire is set by sparks therefrom does not alone entitle a person to recover damages from the person or corporation operating the engine. The courts have taken judicial notice of the fact that the best known system for arresting sparks does not wholly prevent the emission of live sparks from an engine under certain circumstances. Frace v. N. Y., L. E. & Western R. R. Co., 143 N. Y. 182, 38 N. E. 102; Brown v. B. R. & P. R. R. Co., 4 App. Div. 465, 38 N. Y. Supp. 655; Miller v. N. Y. C. & H. R. R. Co., 92 Hun, 282, 36 N. Y. Supp. 719; Weeks v. Erie R. R. Co., 57 App. Div. 192, 68 N. Y. Supp. 182. In Flinn v. N. Y. C. & H. R. R. Co., 142 N. Y. 11, 36 N. E. 1046, the court, in referring to a case where a house upon a lot adjoining the defendant's right of way was consumed by fire and where the defendant was operating its road under lawful authority, say:

"The action in such a case is based upon negligence, and a railroad company cannot be made liable for the unavoidable or usual consequences of the proper operation of its road to adjacent property."

While it is necessary for the plaintiff to establish affirmatively negligence on the part of the defendant, either in the condition or in the operation of its engine, for which the mere occurrence of the fire is not sufficient, it is not necessary that he should prove either the specific defect in the engine or the particular act of misconduct in its management or operation constituting the negligence causing the injury complained of. It is sufficient if the plaintiff proves facts and circumstances from which the jury may fairly infer that the engine is either defective in its condition or negligently operated. Peck v. N. Y. C. & H. R. R. Co., 165 N. Y. 347, 59 N. E. 206; Am. & Eng. Ency. of Law (2d Ed.) vol. 13, p. 510.

It is said in Thompson's Commentaries on the Law of Negligence (2d Ed.) § 2291, that:

"The negligence of the railroad company in communicating the fire may be proved wholly by circumstantial evidence, and there need not necessarily be direct proof of any particular act or omission from which the law predicates negligence. Circumstantial evidence raising an inference of negligence is as good for the purpose of taking the question to the jury as is direct evidence. * * * The discovery of a fire on or near the company's right of way shortly after a locomotive has passed warrants the inference that it was set by sparks thrown from the engine; it being a matter of common knowledge that locomotives do emit sparks."

It is a matter of common knowledge that an engine will emit sparks, even if it is properly equipped and managed; but it is also a matter of common knowledge that a locomotive engine properly equipped and managed will not so emit live sparks as generally to cause a fire in all combustible substances adjoining the roadway. Common observation and experience teach that engines can be and are run through the country without such dangerous consequences. Bedell v. L. I. R. R. Co., 44 N. Y. 367–369, 4 Am. Rep. 688. An engine that scatters fire in such profusion as to be like a torch brandished along the leeward side of a right of way is so unusual and extraordinary, and so different from what is known by common knowledge to be the result of the use of an engine in good repair and with proper management, that it requires of the defendant some explanation in regard thereto. That an engine emits a stream of sparks along its way, setting fire to many things, is evidence from which a jury may infer an imperfect spark catcher, and from this fact negligence. Pa. Co. v. Watson, 81 Pa. 293. The fact that so many fires were started by sparks from said engine is a circumstance quite as strong from which to infer negligence as the fact that sparks of unusual size and numbers were seen emitted from the engine's smoke stack. The referee's conclusion against the defendant is not so against the evidence, or the weight thereof, as to require a reversal of the judgment.

There remains the question as to whether any error was committed in the admission of evidence. Evidence was given by the plaintiff's experts, who testified in substance that under the conditions described an engine in good repair and properly operated would not emit live sparks that could be carried from 40 to 96 feet from the engine, and that sparks emitted from an engine in good repair and properly operated would be so small that by the time they struck the ground they would be dead. Expert witnesses may properly testify as to the condition of sparks or cinders thrown a specified distance, and whether in their observation and experience live or burning sparks would have been carried such distance if the engine was in proper order. Peck v. N. Y. C. & H. R. R. Co., supra.

This case has been twice tried. The amount involved is small. The defendant's chief contention is that the plaintiff is not entitled to recover on the merits, and that, as one fire caused by sparks from an engine does not raise a presumption of negligence against the defendant, negligence should not be presumed from a series of fires arising from sparks from the engine as found in this case. We do not pass upon the correctness of the rulings of the referee, except so far as to say that no error was committed, if at all, requiring a reversal of this judgment.

The judgment should be affirmed, with costs. All concur, except SMITH, J., not voting.