## COURT OF APPEALS,

### December 31, 1912.

## THE PEOPLE v. DONATO CARDILLO.

### (207 N. Y. 70.)

EVIDENCE—PREVIOUS CONVICTION OF DEFENDANT—IMPROPER METHOD OF PROOF THEREOF.

The only method of proving that a witness has been convicted of a crime, for the purpose of affecting his credibility, is by the record or by his cross-examination. (Code Civ. Pro., § 832; Code Crim. Pro., § 392; Penal Law, § 2444.) It is error to allow evidence of his admission of the fact.

APPEAL from a judgment of the Supreme Court, rendered June 6, 1912, at a Trial Term for the county of Westchester, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*John J. Hughes,* for appellant. Appellant having denied on his cross-examination any conviction in the State of New Jersey, there remained only one way to prove such a conviction, namely, by the record. (Penal Law, § 2444; Code Civ. Pro. § 832.) It was reversible error to permit Coroner Squire to testify in rebuttal that appellant had told him that he had spent one year and twenty-five days in Trenton jail. (People v. Smith, 172 N. Y. 234; People v. Koerner, 154 N. Y. 355.)

*Francis A. Winslow, District Attorney (Lee Parsons Davis* of counsel), for respondent. The admission of testimony of Coroner Squire, if erroneous, did not affect the substantial rights of the appellant and should be disregarded. (Code Crim. Pro. § 542.)

WILLARD BARTLETT, J.:

There is no occasion for a discussion of the facts in this case further than to say that the evidence presented an issue for the jury which was submitted to them fairly and which, we think, they disposed of correctly.

One error of law was committed by the learned trial judge in the admission of testimony, but we are satisfied that it did not affect the result and, therefore, it is our duty to disregard it. (Code Crim. Pro. § 542.)   As it might occur in other cases, however, where it would prove seriously harmful, if passed over now without comment, we fell bound to call attention to it.

The defendant took the stand in his own behalf.   On cross-examination he denied that he had ever served time in Trenton jail after a conviction in New Jersey or ever served a term of one year and twenty-five days' imprisonment for striking a man in the eye in that State; and he also denied that he had ever told Coroner Squire that he had been so convicted and imprisoned.

Coroner Squire was subsequently called as a witness for the prosecution in rebuttal and testified as follows:

" Q. Did the defendant tell you that he had spent one year and twenty-five days in jail near Trenton for striking a man in the eye ?

" Mr. Hughes: Objected to as leading and irrelevant, immaterial and incompetent.

" Objection overruled.

" Exception taken by Mr. Hughes.

" A. He did.

" By the Court:

" Q. Did he tell you that in English ?

" A. Yes, sir, the same day."

It was not permissible to prove the defendant's conviction of crime in this way.   In removing the disqualification of convicted persons as witnesses, the legislature prescribed the methods and the only methods by which a conviction can be

proved. (See People v. McGloin, 91 N. Y. 241.) Section 832 of the Code of Civil Procedure provides as follows: "A person, who has been convicted of a crime or misdemeanor is notwithstanding a competent witness in a civil or criminal action or special proceeding; but the conviction may be proved, for the purpose of affecting the weight of his testimony, either by the record, or by his cross-examination, upon which he must answer any question, relevant to that inquiry; and the party cross-examining him is not concluded, by his answer to such a question." Section 392 of the Code of Criminal Procedure declares that the rules of evidence in civil cases are applicable also to criminal cases; and section 2444 of the Penal Law provides: "A person heretofore or hereafter convicted of any crime is, notwithstanding, a competent witness, in any cause or proceeding, civil or criminal, but the conviction may be proved for the purpose of affecting the weight of his testimony, either by the record, or by his cross-examination, upon which he must answer any proper question relevant to that inquiry and the party cross-examining is not concluded by the answer to such question."

These enactments which thus explicitly prescribe the record or the admission of the witness on cross-examination as the means whereby his conviction may be proved for the purpose of affecting his credibility impliedly prohibit the reception of any other or different proof. This point was not expressly brought to the attention of the learned trial judge in the case at bar when he made the ruling under consideration, the form of the objection being merely that the question put to Coroner Squire was "leading and irrelevant, immaterial and incompetent." If the reason why it was incompetent had been specified by counsel, we cannot doubt that the objection would have been sustained.

In view of the fact, however, that the defendant under cross-examination admitted that he had been convicted of assault

three times and that upon two of the convictions he had served terms in the penitentiary, the erroneous reception of this testimony by Coroner Squire could not have had any appreciable influence upon the verdict.

No other question of law demands discussion.

The judgment of conviction should be affirmed.

CULLEN, Ch. J., HAIGHT, VANN, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment of conviction **affirmed.**