THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD WYDRA, Appellant.

Fourth Department, November 20, 1935.

*John J. Scully,* for the appellant.

*Anthony Miceli,* for the respondent.

TAYLOR, J. The defendant has been convicted of the crime of assault in the second degree. He was identified as the assailant by the complaining witness alone, whose testimony as to identification was shaken by testimony presented by the defendant. Considering the whole record the proof tending to establish defendant's guilt was not so convincing that material errors may be readily disregarded by us (Code Crim. Proc. § 542) in performing the duty incumbent upon us to determine whether or not defendant had a fair trial.

Before the defendant had testified in his own behalf the district attorney was permitted to elicit from the defendant's mother on

her cross-examination testimony that defendant had committed other crimes. Defendant's character then not having been put in issue, this was error (*People* v. *Richardson,* 222 N. Y. 103), cured perhaps by defendant's own testimony later that he had been convicted of a crime and " served a term in Elmira " (*People* v. *Cardillo,* 207 N. Y. 70, 72). However, it is quite arguable that the questions the district attorney asked the mother and her answers went farther in derogation of defendant's character and credibility than his own testimony as to the former conviction.

Other incidents of the trial require our consideration. During the summation of the district attorney he made these statements: " He [complainant] starts out with $57.00, because he was mistaken when he said $67.00, and I knew the poor man was mistaken because he had told me long ago, he had sworn to that before the Grand Jury that it was and I knew it was $57.00 and had a perfect right to correct it.

" Mr. Scully: I object to bringing in evidence before the Grand Jury.

" The Court: If you want to enter an exception you can make your exceptions at the end."

The district attorney, continuing: " The fact is, gentlemen of the jury, I knew what he had, what the amount was. I knew what he had told me and counsel knows that I knew, and when the poor man mistakenly said $67.00 he didn't mean that any more than I did, and I had a perfect right to correct him. He knows I had a perfect right to correct him, and he was going to buy $11.00 worth of booze when as a matter of fact it was one dollar and some odd cents, that is what he was trying to get at.

" This young man has been convicted of a crime before. His brother has been convicted of a crime before, and the police of the 4th precinct know the Wydra boys. They have known them for years.

" Whose picture is that? That is the man that struck Steve. That is the man that attempted to rob him. That is the man that assaulted him, and who is this man, Wydra. The case is solved. Wydra the well known criminal."

Defendant's counsel offered to prove that defendant had not been working for some time because he had been suffering from epilepsy and that this had prevented him from working. This was offered to offset the inference which had been presented by the district attorney that defendant was a lazy, ne'er do well with plenty of time on hand for criminality. This was error.

In his charge to the jury the court correctly said: " there being no claim that defendant was aided by an accomplice  *  *  *.

" Now, gentlemen, if Wydra was not with this man that night, why, of course, he could not have committed the crime."

Later defendant's counsel requested this charge: " I ask Your Honor to charge that if they find the defendant was not at the place of the robbery when it was alleged it was committed, then I ask the Court to direct a verdict of acquittal if he wasn't at the place of the robbery at the time."

To which the court replied: " I think I have covered that. If you find that the man was not there, I will go to this extent and say to you, you may take that fact into consideration in determining whether or not he is guilty of this crime, because the law provides that the jury must consider all of the evidence in the case, and must find the defendant guilty beyond a reasonable doubt on all of the evidence as presented."

As I have stated, the court in its original charge properly " covered " the effect of a finding that defendant was not present at the time the crime was committed. However, the remarks made as above quoted decidedly altered the effect of that charge. And to make matters worse the following colloquy occurred:

" Mr. Scully: May I have an exception to that ruling, and point out to the Court, and ask him to charge again that if they find the defendant was not there at the time the crime was committed he must be acquitted.

" The Court: I decline to charge as requested."

The request should have been granted and its denial was the last utterance of the court before the jurymen left the court room to begin their deliberations.

All these incidents taken in the aggregate present a picture of a criminal trial so unfair and prejudicial to defendant that we are constrained to grant a new trial.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment of conviction reversed on the law and new trial granted.