LUCILLE DROLLETTE, Respondent, v. MATTHEW KELLY et al., Appellants.

Third Department, November 16, 1955.

*T. J. McCarthy, James R. Flynn* and *Gerald P. McPhillips* for appellants.

*George H. Wein* for respondent.

BERGAN, J. Plaintiff was injured in a collision in Glens Falls between her car and a car driven by defendant Agnes Kelly on February 28, 1953. The jury could readily have found that plaintiff was injured in this accident; and the main question argued on appeal by defendants is that the court improperly excluded medical opinion evidence relating to another accident which occurred just a year later on February 28, 1954.

On that date plaintiff was driving her car alone on a mountain road, lost control of it; and the car overturned. She did not testify to any physical consequence to herself following the second accident, by description either of sensation or observation; and nowhere is there in the record any testimony

by her or by any other witness that she was injured in this accident.

She filed a motor vehicle report which defendants themselves offered in evidence which showed there was no personal injury, since under the form of report it was necessary to give a full description if there was injury to any person in the accident; and although plaintiff was examined at some length by defendants' counsel on the trial she was not asked what, if any, physical consequences or symptoms she noticed after the second accident.

In this state of proof, the record is barren of any established physical effect to the plaintiff's person as a result of the second accident. Nor was there any proof of history of physical symptoms from this accident given either by plaintiff or by any physican who saw her after its occurrence.

Defendants adduced from medical witnesses the opinion that '' the accident '' of February 28, 1954 '' could '' have caused the physical condition suffered by plaintiff. The court ruled in striking this opinion out that it was speculative under the proof in this record. The further opinion by one of the physicians that '' The mechanics '' of this '' type '' of accident '' could cause '' the physical condition was also stricken on the same ground.

An automobile '' accident '' in itself is not a matter upon which a court will take the advisory views of a medical man in the role of an expert. If physical consequences are shown, either by lay or professional observation of physical events, to have been concomitant with the accident or to have followed it closely, the association of the physical consequences with the event readily falls within the area in which the physician is expert. But where there is no proof of any physical consequence whatever, a physician is not to be permitted to speculate for the record what they might be if they had in fact occurred.

While sometimes medical opinion that a specific physical event '' could '' cause certain observed physical consequences has been received in evidence, that type of opinion is especially open to the objection which has special force here that there is no evidence in the record of any physical condition resulting from the second accident on which the opinion could be based.

Where the '' could '' form of medical opinion based on hypothesis has been allowed it is always based on some actually demonstrated injury attributable to the event. It is not proper to suppose a physical result from an accident and then to suppose the effect of the result. The connection must somehow be directly demonstrated first before being incorporated into a hypothesis.

In the leading case in New York on the subject, *Turner* v. *City. of Newburgh* (109 N. Y. 301), upon which appellants rely in their brief, the admissibility of such an opinion given by a physician was held to rest on an "ascertained physical condition" (p. 308). Similarly, a question in this form was deemed proper where there is proof that plaintiff sustained injuries from a fall (*Graham* v. *Bauland Co.*, 97 App. Div. 141, 145).

An "accident" in the sense of mishap to an automobile is not also a personal mishap to a passenger or driver unless some effect on the body is produced; and without effect on the human body the mishap to the vehicle has no special medical significance. If there were proof here that when plaintiff's car overturned a year after the first accident she had bumped her head or her neck had come in contact with a door, for example, a physician would have been allowed to have expressed an opinion of association between such events and his clinical observations. But there is no such proof here and while plaintiff was extensively cross-examined by defendants on the second accident, counsel refrained from this inquiry; we suppose for strategic reasons. Whatever the reasons, the absence of such proof leaves the opinion evidence without foundation.

An event which may or may not have physical consequences cannot be made the subject of medical opinion as to its consequence unless at least some physical effect is demonstrated. A person might be exposed to a fire or a shipwreck or an earthquake or other catastrophe; but we would not usually think of allowing medical opinion that "the fire" or "the shipwreck" or "the earthquake" caused a physical condition unless some proof of physical effect consequent upon exposure was shown. Thus, too, we treat naked proof of "the accident" of February 28, 1954, or "that type of accident" in which the questions to the physicians were framed.

The argument of appellants that the verdict of $12,500 is excessive is largely hung on the effect of excluding the evidence of which appellants complain and we conclude that the verdict is not excessive. The judgment should be affirmed, with costs to respondent.

Foster, P. J., Coon, Halpern and Zeller, JJ., concur.

Judgment affirmed, with costs to respondent.