■ JAMES DE GREGORIA, Appellant, et al., Plaintiffs, v. QUEENSBORO FARM PRODUCTS, INC., et al., Respondents.— By an order dated January 5, 1955 an action brought by appellant against respondents to recover damages for personal injuries was consolidated with two other actions. The consolidated action was tried and the jury rendered a verdict in favor of respondents against appellant. Although the notice of appeal states that the appeal is taken from each and every part of the judgment entered herein, appellant confines his argument on this appeal to so much of the judgment as is in favor of respondents and against him. Judgment, insofar as it is in favor of respondents and against appellant, reversed and new trial granted as between appellant and respondents, with costs to appellant to abide the event. There was no evidence that appellant was convicted of a crime. (Civ. Prac. Act, § 350; *People* v. *Cardillo*, 207 N. Y. 70.) It was therefore prejudicial error for the court to instruct the jury concerning the effect of a conviction on the credibility of a witness, in the absence of proof thereof. (*Dougherty* v. *King*, 22 App. Div. 610; *Kline* v. *Bishop*, 278 App. Div. 277; *Atkinson* v. *Sanders*, 250 N. Y. 170.) Nor was the error cured by the explanatory statements of the court. In fact, the error was reiterated and re-emphasized by those statements. (*Kupfer* v. *Brooklyn Daily Eagle*, 250 App. Div. 19.) While appellant should have excepted to the explanatory statements, his failure to do so under the circumstances present is not fatal. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ:, concur.

■ ROSE DE OLIVER, Appellant, v. JOHN R. SILVER et al., Respondents.— In an action to impress a trust on two parcels of real property, on the ground that they were conveyed under a promise to reconvey upon demand, the appeal is from a judgment entered after trial dismissing the complaint on the merits. Judgment reversed, without costs, and action remitted to the Special Term for the limited purpose herein stated. It would be helpful to a final determination of the issues if the Special Term would make a new decision which shall include specific findings (1) whether or not, at or about the time of the conveyances from appellant to the respondent corporation, the individual respondent promised appellant that he would reconvey the properties to her, and (2) if such promise was made, whether or not appellant was induced to make the conveyances in reliance upon such promise. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.